**TANSEY v. TRANSCONTINENTAL & WESTERN AIR, Inc.**

Civ. A. No. 5151–47.

United States District Court
District of Columbia.

Oct. 31, 1949.

On Motion for Rehearing Feb. 3, 1950.

Paul M. Rhodes, Washington, D. C., for the plaintiff.

Bernard J. Gallagher and J. Roy Thompson, Jr., Washington, D. C., for the defendant.

LAWS, Chief Judge.

■ Plaintiff's motion to strike defendant's pleading purporting to be an offer of judgment or, in the alternative, to suspend application of Rule 68 of the Federal Rules of Civil Procedure, 28 U.S.C.A. insofar as future costs is concerned, will be granted. Under Rule 68 the pleading filed as an offer of judgment is not a part of the record and having been filed as such in this case, it must be stricken. Nabors v. Texas Co., D.C.W.D.La., 32 F.Supp. 91. As to future costs, defendant's offer of judgment does not specify a definite sum to be entered as judgment which plaintiff can either accept or reject and therefore the offer will not prevent consideration by the court of plaintiff's costs hereinafter incurred.

■ Defendant's motion for leave to amend answer to the complaint insofar as the addition of a sixth defense involving the applicability of Missouri law will be granted. Defendant's motion for leave to amend its answer by the addition of common law defenses will be granted, subject, however, to the right of plaintiff to apply to the Court for the assessment against defendant of costs claimed to be unnecessarily sustained by reason of the amendment adding common law defenses.

On defendant's first motion for summary judgment, it appeared that in answer to defendant's allegation that the Workmen's Compensation laws of Virginia or the District of Columbia controlled, Code Va.1950, § 65-1 et seq., D.C.Code 1940, §§ 36-501, 36-502, plaintiff filed affidavits indicating the Workmen's Compensation laws of Missouri would control. R.S.1949, § 287.010 et seq. This motion for summary judgment was denied. On the present motion for summary judgment, without abandoning its claim that the Virginia Compensation laws control, defendant offered to have judgment rendered against it on the basis of the provision of the Missouri Compensation Law, and accordingly claims summary judgment should be granted in its favor.

■ It is not unequivocally alleged by the pleadings that the Workmen's Compensation laws of Missouri control, and even though the defendant is willing to assume Missouri law applies, there remains a doubt whether plaintiff is covered by the provisions of such law. Moreover, the affidavit of plaintiff, relied on by defendant to give it the right to summary judgment, does not indicate with certainty that plaintiff agreed to be bound by the Missouri Workmen's Compensation Law. There is indication that he was given to understand by certain representations of defendant that such law would control; but whether this understanding reached the point of a binding contract is not clear. In view of this uncertain state of the record, defendant's motion for summary judgment based on the provisions of the Missouri Workmen's Compensation Law must be overruled.

Plaintiff, having shown good cause for his motion for production of documents, and none of his requests appearing to be privileged, the motion will be granted. The law grants privilege against examination of reports of the Civil Aeronautics Board, but it does not appear to extend to granting a

similar privilege against disclosure of investigations and reports made by an airplane operating organization. I do not find that the law requires the latter investigations or reports to be made or to be furnished the Civil Aeronautics Board and therefore the question of privilege against disclosure under such circumstances does not appear to arise.

## On Defendant's Motion for Rehearing

This Court previously granted plaintiff's motion for inspection and copying, pursuant to Rule 34 of the Federal Rules of Civil Procedure, of certain documents and papers in the possession of defendant. Included in the order were reports made by employees of defendant as to the airplane accident in which plaintiff was injured and for which this suit was brought. In passing upon plaintiff's motion, it was stated that there appeared to be no requirement of law that defendant should make an investigation or report to the Civil Aeronautics Board with regard to the accident. A rehearing was granted because of defendant's contention that such report is required by law. At the rehearing, defendant also reargued its objection that plaintiff has not shown good cause for the production of the documents and papers.

Section 582 of the Civil Aeronautics Act of 1938, 49 U.S.C.A., as amended, provides, in part, that "it shall be the duty of the Board to—Make rules and regulations, governing notification and report of accidents involving aircraft." Pursuant to this provision of law, the Board passed a regulation which required a written report to be made by the carrier to the Board of every accident involving a certified aircraft of the United States. The form provided requires a "detailed account of flight and accident, including nature of difficulty, speed, altitude, maneuvers, etc." By affidavit of Robert Chrisp, Chief of the Hearings and Reports Division of the Civil Aeronautics Board, it appears that in practice so-called "teams" are appointed to gather evidence as to the accident, that each team is headed by a Board investigator, who may be assisted by representatives of interested groups, including the aircraft operator. It therefore appears that a report is required to be made by the airplane carrier when an accident occurs and further that in some instances the airplane carrier participates with the Civil Aeronautics Board in the investigation of an accident.

The provision of the Act upon which defendant relies reads as follows: "The records and reports of the former Air Safety Board shall be preserved in the custody of the secretary of the Civil Aeronautics Board in the same manner and subject to the same provisions respecting publication as the records and reports of the Authority, except that any publication thereof shall be styled 'Air Safety Board of the Civil Aeronautics Authority', and that no part of any report or reports of the former Air Safety Board or the Civil Aeronautics Board relating to any accident, or the investigation thereof, shall be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such report or reports." [1]

Dealing with this Section in Ritto v. American Overseas Airlines, Inc., Judge Leibell, of the United States District Court for the Southern District of New York, 97 F.Supp. 458, in overruling his previous holding that testimony of a witness examined by the Board in the course of its investigation could not be used in a suit, stated as follows: "After a study of the language of the section, I am satisfied that the second paragraph prohibits the admission in evidence of only the 'reports of the former Air Safety Board or the Civil Aeronautics Board relating to any accident, or the investigation thereof' and that it does not bar the use of the testimony of a witness examined by the Board in the course of the investigation. The language of the second paragraph makes a clear distinction between 'records and reports', mentioned in the first line of the paragraph and 'report or reports' referred to in the sixth line. The reason for the prohibition in respect to the use of 'reports' of the Board most likely is based on the fact that the report would

1. 49 U.S.C.A., § 581, Par. 2.

 

contain findings and conclusions, the receipt of which at a trial might be prejudicial to a party who had no part in the investigation of the Board and no opportunity to be heard by the Board. That same problem would not be presented where a witness, being examined in the trial of the action or before the trial, is confronted with his testimony given at the investigation in order to refresh his recollection or impeach him as a witness."

■■ It seems to me the view stated by Judge Leibell is correct. It is emphasized by other considerations than those mentioned by him. One of the purposes of the Federal Rules of Civil Procedure is that where good cause is shown there shall be made available to litigants the facts in a case, without regard to which party develops them. The cause of justice is promoted by the disclosure of facts. It seems to me the Court will not be justified in deciding that an exception to such a disclosure is intended in a particular class of cases, unless such intention is found to be clearly expressed. In my opinion the language of the Civil Aeronautics Act of 1938, as amended, does not clearly indicate an intention to establish a different rule in cases of airplane accidents from the rules applicable in other tort actions. The Civil Aeronautics Act, as amended, makes express provision for written reports to the Civil Aeronautics Board. If the facts contained in them were intended to be withheld from the party injured in a crash or from the Court in a suit brought by such party, it would have been a simple matter to refer to them specifically. Yet the Act refers only to "reports of the former Air Safety Board or the Civil Aeronautics Board" as being exempt from use. It is true mention is made in the statute of investigations by the Board, but the language readily may be construed to make privileged only reports of the investigations, not information received in the course of the investigation.

There are State cases, relied on by defendant, which uphold the immunity from use in suits against railroad companies of

reports of the companies to the Interstate Commerce Commission.[2] These cases point out that the statute intended to encourage the railroad companies to make full and frank reports as to the causes of accidents. This reasoning is not without persuasion. But nothing has been found by way of legislative history, or by way of language of either the Act of Congress relating to the reports of the Interstate Commerce Commission or the Act of Congress here under consideration, to compel this view as to the purpose of the statutes. It is quite as probable, as stated by Judge Leibell, that Congress intended to withhold from use only the conclusions of the Administrative Agency charged with investigating the accident.

I have reconsidered the question as to whether good cause for production of the documents called for in this case has been shown and have concluded, as previously, that plaintiff has made such a showing.

The order made for the production for inspection and copying of defendant's records will remain in effect.

---

**2.** Louisville & N. R. Co. v. Grant, 234 Ky. 276, 285, 27 S.W.2d 980; Gourley v. Chicago, etc. R. Co., 295 Ill.App. 160, 14 N.E.2d 842.