**FIDELITY AND CASUALTY COMPANY OF NEW YORK**

v.

**Janet W. FRANK.**

**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA**

v.

**Janet Ellen Wagner FRANK.**

**Janet Ellen Wagner FRANK**

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.**

**Janet Ellen Wagner FRANK**

v.

**FEDERAL LIFE AND CASUALTY COMPANY.**

**CONTINENTAL CASUALTY COMPANY**

v.

**Janet Ellen Wagner FRANK.**

Civ. Nos. 8370, 8361, 8407, 8406, 8365.

United States District Court
D. Connecticut.
Feb. 18, 1963.

Frank E. Callahan, Wiggin & Dana, New Haven, Conn., Thew Wright, New York City for Occidental Life Ins. Co. of Cal.

Walter B. Lockwood, Francis J. McNamara, Jr., Morgan P. Ames, Samuel V. Schoonmaker, III, and George G. Vest of Cummings & Lockwood, Stamford, Conn., for Janet E. W. Frank.

David E. Fitzgerald, Jr., New Haven, Conn., for Fidelity & Casualty Co. of New York.

Ralph C. Dixon, and Palmer S. McGee, Jr., of Day, Berry & Howard, Hartford, Conn., for Continental Cas. Co.

Donald F. Keefe, William R. Murphy, Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for Indemnity Ins. Co. of North America.

Joseph P. Cooney, Cooney and Scully, Hartford, Conn., for Federal Life & Casualty Co.

ANDERSON, Chief Judge.

The various Insurance Companies, who are parties in these actions, wish to use in evidence the whole or portions of reports made to the Civil Aeronautics Board by its investigative groups or sub-committees arising out of the investigation by the sub-committees of different aspects of the airplane crash in which Frank was killed. Mrs. Frank argues that the final reports of the C.A.B. are basically a compilation of the reports of the investigative groups made to the Board and, because the statute, 49 U.S.C. § 1441(e), prohibits the use in evidence of the C.A.B. report, or any part of it, in an action for damages growing out of any matter mentioned in the report, portions of the investigative group reports incorporated in the C.A.B. report are, ipso facto, inadmissible in evidence.

The Insurance Companies assert that where the investigative group reports qualify as business records under Title 28 U.S.C. § 1732, they are, for that reason, admissible even though they may contain opinions and conclusions of experts based either upon hearsay or observations, or both, and even though these opinions and conclusions are incorporated in the report of the C.A.B. They cite in support of this position Pekelis v. Transcontinental & Western Air, 187 F.2d 122, 130, 23 A.L.R.2d 1349 (2d Cir., 1951) and Moran v. Pittsburgh-Des Moines Steel Co., 183 F.2d 467, 473 (3rd Cir., 1950). Neither of these cases was concerned with § 1441 (e). They do stand for the proposition that reports of governmental commissions and investigative boards are admissible as business entries. However, Congress did not intend that reports barred by § 1441(e) would be admitted under Title 28 U.S.C. § 1732. See Palmer v. Hoffman, 318 U.S. 109, 115, 63 S.Ct. 477, 87 L.Ed. 645 (1943), relating to accident reports to the Interstate Commerce Commission.

The purpose of § 1441(e) was to prevent the use in evidence, in suits brought to determine the rights of parties in private civil actions for damages, of the opinions and conclusions of the C.A.B. which were primarily intended for use by the Government in regulating the operation of aircraft. While such reports would not necessarily be taken by the trier as conclusive in the trial of private civil damage cases, they would, nevertheless, probably carry an undue amount of weight in the minds of jurors passing upon the rights of the parties in such an action. To some degree, though to a lesser extent, certain opinions and conclusions of investigative groups or sub-committees may likewise share in this undesirable result and should not in all instances be rendered admissible under the business record statute.

While the courts avoid a construction of § 1441(e) which would deprive private litigants of the only source of proof usually available in cases of this kind, Lobel v. American Airlines, 192 F.2d 217, 220 (2d Cir., 1951); Universal Airline v. Eastern Air Lines, 88 U.S.App.D.C. 219, 188 F.2d 993 (1951); Tansey v. Transcontinental & Western Air, 97 F.Supp. 458 (D.C.D.C.1949); and Ritts v. American Overseas Airlines, 97 F.Supp. 457 (S.D.N.Y.1947), they must apply the statute in their discretion to prevent the use in evidence of those portions of investigative group or sub-committee reports which, as a practical matter, would, in effect, tell the trier how the case should be decided, even though, absent § 1441(e), the conclusion or opinion offered as part of a business entry could be attacked only as to weight and not as to admissibility. Lobel v. American Airlines, supra.

Without a precise question before it, the court cannot say which kinds of conclusions or opinions would be admissible and which would not. In general, however, those which lie within or close to the ambit of the ultimate question in the case, which the trier will have to decide, should be excluded. On the other hand conclusions and opinions which are outside the area of the ultimate question may be admitted, even

though they have been incorporated in the report of the C.A.B. Therefore, those reports of investigative groups or sub-committees which can qualify as business records under Title 28 U.S.C. § 1732 are ruled to be admissible in evidence except for particular opinions and conclusions which come within the ban of § 1441(e) and which will have to be ruled upon at the time of the offer.