421 F.2d 323
 CONTROL DATA CORPORATION, Petitioner,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent.
PROGRAMMATICS INCORPORATED and Applied Data Research, Inc., Petitioner,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent.
DATA PROCESSING FINANCIAL & GENERAL CORPORATION, Petitioner,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent.
 Misc. Nos. 640-642.
 United States Court of Appeals, Eighth Circuit.
 February 2, 1970.
 
 John G. Robertson, of Oppenheimer, Hodgson, Brown, Wolff & Leach, St. Paul, Minn., for Control Data Corporation.
 Morton C. Jacobs, of Jacobs & Cohen, Philadelphia, Pa., for Programmatics Incorporated and Applied Data Research, Inc.
 Victor S. Friedman, of Strasser, Spiegelberg, Fried & Frank, New York City, for Data Processing Financial & General Corporation.
 Norman R. Carpenter, of Faegre & Benson, Minneapolis, Minn., and Thomas D. Barr, of Cravath, Swaine & Moore, New York City, for respondent.
 Before MEHAFFY and LAY, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 This matter comes before this court upon joint petitions for leave to file interlocutory appeals under 28 U.S.C. § 1292(b) from the district court's pretrial order. Suits were filed against International Business Machines Corporation (IBM) on various counts relating, inter alia, to violation of the Clayton and Sherman Antitrust Acts. Control Data Corporation (CDC) filed its suit in the District Court in Minnesota. Data Processing Financial & General Corporation (DPF&G), Applied Data Research, Inc. (ADR) and Programmatics Incorporated (PI) all filed their suits in the District Court of the Southern District of New York. By order of the Judicial Panel on Multidistrict Litigation filed July 31, 1969, the cases were transferred to the District Court in Minnesota for consolidated pretrial proceedings under 28 U.S.C. § 1407.
 
 
 2
 The district court's pretrial order reflects that in 1935, as well as in 1956, consent decrees were entered against IBM in antitrust litigation with the federal government. At pretrial conference IBM moved to strike from each of the four complaints all allegations relating to these consent decrees. In the complaints of DPF&G and ADR separate counts set forth a claim for single damages on a third party benefit contract theory based upon IBM's violation of the consent decrees. These separate counts were ordered dismissed by the district court. In addition to certifying these dismissals under § 1292(b) the district court made a finding pursuant to Fed. R.Civ.P. 54(b) that there existed no just reason for delay with respect to the entry of such judgment and directed the entry of judgment for purposes of appeal. In view of the fact that an otherwise appealable final judgment has been entered in those cases the propriety of docketing an interlocutory appeal under § 1292(b) as to the counts ordered dismissed is made moot. Cf. Sass v. District of Columbia, 114 U.S.App.D.C. 365, 316 F.2d 366 (1963).
 
 However, the district court also ordered:
 
 3
 "As to (1) the order striking all references contained in the various complaints to the 1935 and 1956 decrees and the concomitant prayers for relief, (2) the order heretofore made, and as clarified herein, providing that evidence of the said decrees will not be admitted in evidence and no reference thereto shall be permitted at trial * * * the Court is of the opinion that, within the meaning of 28 U.S.C. § 1292(b), such orders involve controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from such orders may materially advance the ultimate termination of the litigation."
 
 
 4
 It has, of course, long been the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens to both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination, Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed. 2d 23 (1966); World Tradeways, Shipping, LTD. (Steamship Tradeways II) v. Nimpex Intern., Inc. 373 F.2d 860 (2 Cir. 1967); Atlantic City Electric Company v. A. B. Chance Co., 313 F.2d 431 (2 Cir. 1963); United States v. Woodbury, 263 F.2d 784 (9 Cir. 1959). In order to permit interlocutory appeals the issues involved should, in the determination of the appellate court, as well as the trial court, raise a controlling question of law and must materially advance the ultimate termination of the law suit. See 6 Moore, Federal Practice § 54.06 (Supp.1969).
 
 
 5
 Keeping within the spirit of these principles, we feel compelled to deny permission to docket the present interlocutory appeals. We are persuaded that an early ruling on the points certified by the district court could only be hypothetical or advisory as to what may or may not be admissible in the actual trial itself. If a proper order could serve the function of doing all the district court or parties desire, we would not hesitate to grant leave to appeal. However, whether reference to the consent decrees may be made or whether the decrees themselves are admissible in evidence cannot be decided by this court at this time upon a record that is yet to be made.
 
 
 6
 As the district court's order recognizes, the parties do not claim that the consent decrees are prima facie evidence as to subsequent violations of the antitrust laws under § 5(a) of the Clayton Act. Cf. City of Burbank v. General Elect. Co., 329 F.2d 825 (9 Cir. 1964).
 
 
 7
 Thus on an appeal from the order striking all reference to these decrees in the pleadings, the issue would narrow itself to whether the district court abused its discretion in making this order. Such a discretionary ruling is not one that constitutes a controlling question of law or one that can possibly advance the ultimate termination of the litigation. City of Burbank v. General Elect. Co., supra. Notice pleading is all that is generally required under Fed.R. Civ.P. 8, even in antitrust cases. See Great A. & P. Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen, 410 F.2d 650 (8 Cir. 1969); Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388 (8 Cir. 1968); Louisiana Farmers' Protective Union v. Great A. & P. Tea Co., 131 F.2d 419 (8 Cir. 1942). We do not agree with the district court that striking the evidentiary statements from the complaints and yet later allowing admissibility of the evidence stricken would result in a self-contradiction. It has long been basic to good pleading that evidentiary matters be deleted. Such deletion does not control the questions of materiality and relevancy governing evidentiary use. Commissioner of Internal Revenue v. Licavoli, 252 F.2d 268 (6 Cir. 1958); Cater Const. Co. v. Nischwitz, 111 F.2d 971 (7 Cir. 1940).
 
 
 8
 The district court's order also prohibits any reference at trial to the consent decrees since it would prejudicially implant in the minds of the jury the idea that there had been a prima facie violation of the antitrust laws. However, we hold that a determination by this court as to whether or not there is "prejudicial" reference to the decrees must await the full context of such reference. The parties have been warned that in the absence of some further showing of relevancy the district court will consider any reference to the decrees to be an attempt to prejudice the jury. Whether such ruling is prejudicially erroneous depends upon the factual proof elicited at trial and cannot be ruled upon here. We cannot say, at the pleading stage, that such a ruling is a controlling question of law which may advance the ultimate termination of the litigation. In effect, plaintiffs seek an advisory opinion as to their right to make reference to the consent decrees, before we know what the reference will be or the context of the subject matter surrounding it.
 
 
 9
 This posits the only possible basis of review on the district court's pretrial ruling barring all evidentiary use of the earlier decrees. In many respects this issue is intertwined with the bar of "prejudicial reference" to the decrees. We rule that this claim must also await the factual record and proof. It should be remembered that a trial court has a great latitude in ruling on the admissibility of evidence. His determination of legal relevancy is also an act of discretion not to be disturbed absent a clear showing of abuse. General Ins. Co. of America v. Hercules Const. Co., 385 F.2d 13 (8 Cir. 1967).
 
 
 10
 This court recognizes that the issues involved are many and complex. It also recognizes the salutary purpose of the district court in attempting to narrow the issues for actual trial. However, the evidentiary question comes to us in a highly abstract form. Lacking is that degree of precision in proof of fact necessary to balance and weigh the admissibility of evidence. This question is inapposite from the dismissal order certified under Rule 54(b). There the question is whether a claim for relief may be based upon an alleged violation of the consent decrees themselves. Upon dismissal, the issue is whether the terms of the decree provide a basis to assert a claim for recovery, whereas the evidentiary issue relates only to the probative worth of evidence tending to establish an otherwise validly asserted claim for relief. Missing from the evidentiary question is the concrete factual setting that is the complimentary determinative of the question of relevancy. In essence we hold that at the pleading stage, the issue of the proposed evidentiary admissibility lacks ripeness for decision.
 
 
 11
 This is not to say that certain proposed evidence cannot be precluded in a pretrial order as immaterial to issues pleaded. We simply hold that it is premature for an appellate court to decide whether or not the ruling was prejudicially erroneous. This requires a complete record. We do not mean to imply that these consent decrees may or may not be material to the issues pleaded, or whether under certain proof they might have probative value. Appellate courts cannot waste their time on problems that may never arise or speculate on how the problem will arise. As Professor Davis has so aptly phrased it:
 
 
 12
 "Judicial machinery should be conserved for problems which are real and present or imminent, not squandered on problems which are abstract or hypothetical or remote." Davis, Administrative Law § 21.01, at 116 (1958).
 
 
 13
 We emphasize that this court has not had the value of the lengthy pretrial proceedings that the district court has had. We in no sense pass judgment on this ruling, we only deny permission to docket the appeal for an advisory ruling on issues that may never arise. When such issues become "ripe," the district court trying the case will have the benefit of all factual proof governing the question of relevancy. If an offer of proof is made, the trial court will have the benefit of the complainant's specific theory as to the use of the evidence and will likewise be able to evaluate the admissibility question on the basis of specific objection made. In this context a trial court will be able to make a ruling and this court will be able to pass upon the merits of a litigated question. Our ruling is in no way intended to undermine the salutary value of the consolidated pretrial order. We observe that it is in the interest of efficient administration of multidistrict litigation that the trial judge follow the pretrial order wherever possible. However, if in any trial certain evidence precluded by pretrial order becomes relevant by reason of development of proof at trial, it could be reversible error to blindly adhere to the prior order. In this sense we feel questions relating to admissibility of evidence must always and ultimately relate to the trial court's actual ruling in view of the record there existing. It is well accepted that the prior pretrial ruling of one judge must always be directed to the good sense ruling of another judge trying the case. Cf. Meyers v. Jay Street Connecting Railroad, 288 F.2d 356 (2 Cir. 1961). Apropos here is Chief Judge Lombard's discussion in LeRoy v. Sabena Belgian World Airlines, 344 F.2d 266, 274 (2 Cir. 1965):
 
 
 14
 "It is of course customary for a district judge to follow an earlier ruling by one of his brothers in the same litigation, though he is not bound to do so. Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131 (2 Cir.), rehearing denied, 231 F.2d 867, petition for cert. dismissed, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956). But despite Professor Moore's flat statement that admissibility may be ruled on at pre-trial, 3 Moore, Federal Practice ¶ 16.16, at p. 1122 (1964), the efficacy of such rulings necessarily is limited by the first judge's inability to foresee the circumstances of the trial which may be relevant to admissibility. Cf. Fidelity and Casualty Co. v. Frank, 227 F.Supp. 948 (D.Conn. 1964)." (Emphasis ours.)
 
 
 15
 It is true that one of the purposes of the pretrial is to narrow the issues to be tried. However, as the parties recognize the desire to narrow the issues does not necessarily foreclose discovery on all subject matter if said discovery is reasonably calculated to lead to relevant evidence. Furthermore, we do not believe that a pretrial order narrowing issues is frustrated by an appellate court's failure to prematurely pass upon evidence not yet offered.
 
 
 16
 In conclusion, we decide here that the district court's ruling on the pleading and evidentiary value of the consent decrees will not be passed upon by this court until the parties are allowed to fully develop what the evidentiary value might be. For these reasons, we deny permission to docket these appeals under § 1292(b). It is so ordered.
 
 
 17
 MEHAFFY, Circuit Judge.
 
 
 18
 I concur in the result.