**Marilyn F. FALK et al.**

v.

**UNITED STATES of America.**

Civ. No. 13207.

United States District Court,
D. Connecticut.

June 10, 1971.

Paul Bernstein, Kreindler & Kreindler, New York City, for plaintiffs.

B. Blair Crawford, Asst. U. S. Atty., Hartford, Conn., Philip Silverman, Tort Section, Dept. of Justice, Civil Div., Washington, D. C., for defendant.

## RULING ON PLAINTIFFS' MOTION TO COMPEL ANSWERS ON DEPOSITION AND DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

BLUMENFELD, District Judge.

### I.

In this Tort Claims action against the federal government arising from the death of the plaintiff Marilyn Falk's husband, Arthur L. Falk, plaintiffs have moved for an order pursuant to Rule 37, Fed.R.Civ.P., directing William H. Collins, an employee of the defendant, to answer certain opinion questions upon oral deposition examination which defendant's counsel instructed the witness not to answer. Despite an earlier adverse ruling on this question, the same objection is renewed by the government.

The objection raised by the defendant is that the questions asked of Mr. Collins, the chief investigator of the Federal Aviation Agency investigation of the aircraft accident in which Mr. Falk was killed, call for his opinion as to the cause of the accident and are barred by 49 U.S.C. § 1441(e). This statute provides:

> "No part of any report or reports of the [Civil Aeronautics] Board relating to any accident or the investigation thereof, shall be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such report or reports."

The argument of the government is that the oral opinion of the chief investigator must be treated as part of the final report issued by the Board and may not be sought in deposition testimony because this is a "use" which § 1441(e) proscribes. The statute does not support that argument, especially when read in the light of recent federal legislation which provides that such reports are public documents, and, therefore, are open to inspection by all litigants, 49

U.S.C. § 1654(e).[1] Thus, even if under 49 U.S.C. § 1441(e) the reports may not be admitted into evidence, they may now be "used" by parties to prepare for trial.

When the government acts as a litigant, as distinguished from exercising regulatory functions, its status is hardly different from that of a private citizen. Where suit may be brought within the Tort Claims Act it too must account to an injured party. See generally, J. Moore, 4 Federal Practice, 26–323 ¶ 26.61 [7] (2d ed. 1970). The taking of opinion testimony in pre-trial depositions is a judicially sanctioned practice. Answers obtained by deposition are not automatically entered into evidence at trial. Objections to such admission may be entered at the taking of the deposition or reserved until time of trial. Berguido v. Eastern Air Lines, Inc., 317 F.2d 628, 631 (3d Cir. 1963), notes that this policy is encouraged by the CAB. See also, Universal Airline, Inc. v. Eastern Air Lines, Inc., 88 U.S.App.D.C. 219, 188 F.2d 993 (1951). Fidelity & Cas. Co. of New York v. Frank, 214 F.Supp. 803 (D.Conn.1963), modified 227 F.Supp. 948 (D.Conn.1964), is not to the contrary.

Therefore, plaintiffs' motion is granted and Mr. Collins is ordered to answer plaintiffs' questions upon deposition.

## II.

The defendant moves pursuant to Rule 37(a) of the Federal Rules of Civil Procedure to compel the plaintiffs to answer interrogatories 9(c), 9(d), 9(e), 9(f), 9(g), 9(j), 9(k) and 9(n) which were unanswered or incompletely answered. At oral argument the plaintiffs framed their objection to further answering those interrogatories as arising under Rule 26(b) (4) of the federal rules— namely, that the questions called for the opinion of plaintiffs' expert witness and the interrogatory should have requested that his identity and the substance of his opinion be divulged.

The spirit of the discovery rules does not in any case support meticulous objections and evasive answers from experienced counsel. Since the questions, if framed according to the rule, would be proper and since the deadline for the completion of the discovery is but a short time hence, the defendant's motion is granted and the plaintiffs are directed to answer the interrogatories as numbered above if they can be answered with the name of plaintiffs' expert witness and the substance of his opinion as to each question.

1. Section 1654 establishes a National Transportation Safety Board to which is transferred all functions, powers and duties of the Federal Aviation Agency and the Civil Aeronautics Board. 49 U.S.C. § 1655(c) and (d). Section 1654 (e) provides:
   "Except as otherwise provided by statute, the Board shall make public all reports, orders, decisions, rules, and regulations issued pursuant to subsections (b) (1) and (b) (2) of this section * * *."

Section 1654(b) (1) provides:
   "There are hereby transferred to, and it shall be the duty of the Board to exercise, the functions, powers, and duties transferred to the Secretary by section 1655 of this title and section 8 of this Act with regard to—
   "(1) determining the cause or probable cause of transportation accidents and reporting the facts, conditions, and circumstances relating to such accidents;"
Cf. McFadden v. AVCO Corp., 278 F. Supp. 57, 59 (M.D.Ala.1967). And see generally, J. Moore, 4 Federal Practice, 26–269 ¶ 26.61 [4.–3].