**In re CASCO BAY LINES, INC., Debtor.**

**CASCO BAY LINES, INC., Plaintiff,**

**v.**

**PUBLIC UTILITIES COMMISSION, Defendant.**

**Bankruptcy No. 81–9001.**

United States Appellate Panel for the First Circuit.

Feb. 19, 1981.

## ORDER DENYING MOTION FOR LEAVE TO APPEAL

The Appellate Panel has before it a motion filed by the Maine Public Utilities Commission (the "Commission") which seeks leave to appeal two interlocutory orders issued by the United States Bankruptcy Court for the District of Maine. In the orders sought to be appealed the Bankruptcy Court denied the Commission's motions to dismiss a complaint filed against it by Casco Bay Lines, Inc. ("Casco Bay"), the debtor in the underlying Chapter 11 proceeding. For the reasons set forth below, the motion for leave to appeal is denied.

On June 12, 1980, Casco Bay filed a voluntary petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.). On the same date [1] the Commission made a determination that it was necessary to initiate an investigation into the management and financial condition of Casco Bay.[2] As part of this investigation, the Commission, on June 23, 1980, authorized the accounting firm of Peat, Marwick, Mitchell & Company to conduct an audit of Casco Bay and concomitantly ordered Casco Bay to make all of its books, records, and other papers available for inspection by that firm. While the record is somewhat confusing on this point, it appears that a dispute arose between the auditors and Casco Bay, and the audit was not completed. The Commission, asserting that Casco Bay had refused to grant access to its books and records to the accounting firm, found that Casco Bay had not complied with the Commission's order of June 23, 1980. The Commission therefore ordered Casco Bay, its officers, and its management personnel to appear at a hearing on July 11, 1980, to show cause why they should not be held in contempt for refusing to comply with the Commission's order.

On July 9, 1980, Casco Bay filed a complaint in the United States Bankruptcy Court for the District of Maine seeking to have that Court preliminarily and permanently enjoin the Commission from conducting the contempt proceeding. The complaint also sought to have the Commission enjoined from continuing its investigation of Casco Bay until the Bankruptcy Court determined whether the Commission had jurisdiction to conduct its investigation without permission from the Bankruptcy Court and whether conditions, if any, should be imposed on such investigation. Finally, the complaint requested that the Commission be ordered to show cause why it should not be held in contempt for having initiated and continued an investigation of Casco Bay without obtaining prior approval of the Bankruptcy Court, and for conducting the investigation in a manner which interfered with the business operations of Casco Bay.

On July 10, 1980, the Bankruptcy Court entered a preliminary injunction enjoining the Commission from commencing contempt proceedings against Casco Bay until further order of the Court.

The Commission, on August 14, 1980, filed a motion to dismiss Casco Bay's complaint on the grounds that the Bankruptcy Court lacked jurisdiction to grant the requested relief. Thereafter, on September 3, 1980, the Commission specifically moved to dismiss that portion of the Casco Bay complaint which requested the Commission to show cause why it should not be held in contempt. The Commission maintained that that portion of the complaint failed to state a claim upon which relief could be granted.

The parties submitted various memoranda in support of their positions on the issue presented in the motions to dismiss. In addition, the Bankruptcy Court permitted the parties an opportunity to argue the motions orally. On December 15, 1980, the Bankruptcy Court entered bench orders denying the motions to dismiss.[3] Thereafter, on December 24, 1980, the Commission filed the instant motion for leave to appeal pursuant to Rule 2(a)(2) of the First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts and Appellate Panels.

In support of its motion for leave to appeal, the Commission contends that unless the Appellate Panel reviews the decisions of the Bankruptcy Court at this time, the Commission will be faced with defend-

1. It is unclear from the record whether the decision to investigate Casco Bay was made prior or subsequent to the filing of the Chapter 11.

2. Casco Bay Lines, Inc. is a common carrier of passengers and freight providing service to and from the islands of Casco Bay.

3. See, In re Casco Bay Lines, Inc., Case Nos. 180–00186 et al., Transcript of Hearing on Adversary No. 180–0058 at 85,88 (December 15, 1980).

ing a contempt proceeding and that such a hearing would produce disrespect for a quasi-judicial institution like the Commission. Moreover, the Commission argues that the hearing is unnecessary and would require the expenditure of considerable resources by both the Commission as well as Casco Bay. Finally, the Commission asserts that until the issues raised in the complaint are finally resolved, its ability to discharge its regulatory responsibility regarding Casco Bay is significantly impaired.

■ Section 1482(b) of Title 28 [4] establishes the jurisdiction of appellate panels [5] over interlocutory appeals under the Bankruptcy Code. That section provides:

(b) Panels designated under section 160(a) of this title shall have jurisdiction of appeals from interlocutory judgments, orders, and decrees of bankruptcy courts, *but only by leave of the panel to which the appeal is taken.* [Emphasis added.]

The statute, however, sets forth no definite standards to apply making the determination whether leave to appeal should be granted, and thus places no restrictions on the type of interlocutory orders which may be immediately appealable. Nevertheless, the statute was clearly not intended to open the floodgates to permit large numbers of interlocutory appeals. To do so would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation. *See, e. g., Control Data Corp. v. International Business Machines Corp.,* 421 F.2d 323 (8th Cir. 1970). No argument has been presented to the Appellate Panel which warrants departure from the general policy of discouraging interlocutory appeals and allowing such appeals only where exceptional circumstances exist. *Control Data Corp.,*

*supra* at 325; *Milbert v. Bison Laboratories, Inc.,* 260 F.2d 431 (3rd Cir. 1958). And the determination of whether such exceptional circumstances exist which justify allowing an interlocutory appeal is a question directed to the sound discretion of the Appellate Panel. *See, In re Radtke,* 411 F.Supp. 105 (E.D.Wisc.1976).

The standard to be used by the Appellate Panel is similar to the approach utilized by the district courts under the former Bankruptcy Act in determining whether to grant appeals from interlocutory orders of bankruptcy judges.[6] Pursuant to § 39(c) of that Act the district court was granted jurisdiction to review all interlocutory orders of bankruptcy judges without restriction. *Sulmeyer v. Pfohlman,* 329 F.2d 915 (9th Cir. 1964). Nevertheless, the district courts, aware of the substantial delay and disruptions to the normal litigation process which could be caused by permitting all interlocutory appeals, generally adopted the approach that the determination whether to review such orders, was addressed to the sound discretion of the district courts. *Virburnum One Associates v. Flavin Enterprises,* 446 F.Supp. 652 (W.D.Mo.1978); *In re Radtke, supra* at 106.

■ Turning to the facts involved in the instant case, the Panel concludes that no such exceptional circumstances exist which would justify immediate review of the Bankruptcy Court's decisions denying the motions to dismiss. The decisions of the Bankruptcy Court simply require that the hearing on Casco Bay's complaint will go forward and that a decision on the merits will be rendered. The fact that the Commission may be faced with defending itself against allegations of contemptuous conduct is not the type of exceptional circum-

---

4. This section is made applicable during the transition period and thus to the present proceeding by § 405(c)(2) of the Bankruptcy Reform Act, Pub.L. No. 95–598 (1978).

5. Pursuant to 28 U.S.C. § 160(a), the Circuit Council for the First Circuit has established appellate panels for appeals from the Districts of Maine, Massachusetts, New Hampshire and Rhode Island.

6. While the role of the district courts under the former Bankruptcy Act in reviewing the orders of bankruptcy judges is not identical to the role of the appellate panels, nevertheless the approach used by the district courts is instructive to this present discussion.

stances which mandate on interlocutory appeal. Nor do the other arguments adduced by the Commission constitute a sufficient reason to permit such appeal. If, at the time a final decision is rendered, the Commission is adversely affected, appellate review at that time will adequately protect the Commission's rights, and will do so without delaying the adversary proceeding. Moreover, a review of the Bankruptcy Court's decision may, of course, consider the jurisdictional arguments made here by the Commission. *In re Durensky*, 519 F.2d 1024 (5th Cir. 1975). Accordingly, the Commission's motion for leave to appeal is denied.