Ouida McCANDLESS, Donald R. McCandless, John D. McCandless, Louis T. McCandless, and Billie Terrell,

v.

BEECH AIRCRAFT CORPORATION, Appellant,

National Transportation Safety Board, Appellee.

No. 82–1309.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 6, 1982.

Decided Jan. 18, 1983.

Michael J. Ryan, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., and Steven A. Rolef, Atty., Nat. Transp. Safety Bd., Washington, D.C., were on the brief, for appellee.

R. Brent Cooper, Dallas, Tex., with whom Jim E. Cowles, Dallas, Tex., and Gerald R. Walsh, Fairfax, Va., were on the brief, for appellant. Robert H.J. Loftus and Jacquelyn K. Boyden, Fairfax, Va., also entered appearances for appellant.

Before GINSBURG and SCALIA, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge McGOWAN.

McGOWAN, Senior Circuit Judge:

This is an appeal from an order of the District Court for the District of Columbia quashing a subpoena calling for the deposition of an employee of the National Transportation Safety Board (NTSB) in connection with a tort suit now pending in the District Court for the Northern District of Texas. For the reasons set forth below, we suspend consideration of this appeal while we await further action by the district judge in Dallas.

## I

Discovery is sought here in relation to a suit brought in the Northern District of Texas against Beech Aircraft Corporation for damages in negligence and strict liability arising from a fatal crash of a Beech plane on January 12, 1979, near Acuff, Texas. To enable the NTSB to issue a probable cause report, *see* 49 U.S.C. § 1903(a)(2) (1976), Mr. Frank Roth of the NTSB's Fort Worth field office duly investigated the January 12 crash and reported his findings to the Board. All sides agree that the Board's probable cause report (which attributed the January 12 crash to pilot error) may not be "admitted as evidence or used" in this trial, by virtue of two statutory provisions that so restrict the use of "any report of the Board, relating to any accident or the investigation thereof." *Id.* § 1903(c); *accord id.* § 1441(e) (virtually identical language).[1] Under an NTSB regulation, 49 C.F.R. § 835.3 (1981),[2] however,

1. Section 1903(c) reads in full:
(c) Use of reports as evidence
No part of any report of the Board, relating to any accident or the investigation thereof, shall be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such report or reports.
49 U.S.C. § 1903(c) (1976). Section 1441(e) reads in full:
(e) Use of records and reports as evidence
No part of any report or reports of the National Transportation Safety Board relating to any accident or the investigation thereof, shall be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such report or reports.
*Id.* § 1441(e).

2. The regulation reads in full:
§ 835.3 Scope of permissible testimony.
(a) Section 701(e) of the FA Act [49 U.S.C. § 1441(e)] and section 304(c) of the Safety Act [49 U.S.C. § 1903(c)] preclude the use or admission into evidence of Board accident reports in any suit or action for damages arising from accidents. The purpose of these sections would be defeated if expert opinion testimony of Board employees, which is reflected in the ultimate views of the Board expressed in its report concerning the cause of an accident, were admitted in evidence or used in private litigation arising out of an accident. The Board relies heavily upon its investigators' opinions in determining the cause or probable cause of an accident, and the investigators' opinions thus become inextricably entwined in the Board's determination. Furthermore, the use of Board employees as experts to give opinion testimony would impose a serious administrative burden on the Board's investigative staff. Litigants should obtain their expert witnesses from other sources.
(b) Consistent with paragraph (a) of this section, Board employees may testify as to the factual information they obtained during the course of the accident investigation, including factual evaluations embodied in their factual accident reports. However, they shall decline to testify regarding matters beyond the scope of their investigation, or to give opinion testimony concerning the cause of the accident.
49 C.F.R. § 835.3 (1981).

both sides have been permitted to depose Mr. Roth about factual information and evaluations related to his investigation, though not "opinion testimony concerning the cause of the accident." *Id.; see also, e.g., American Airlines, Inc. v. United States,* 418 F.2d 180, 196 (5th Cir.1969) (even opinion evidence is not excluded by § 1441(e) if it does not "embrace[ ] the probable cause of the accident or the negligence of the defendant").

At issue here is the deposition of Mr. Paul Alexander, an NTSB employee based in Washington, D.C., who analyzed Mr. Roth's findings and those pertaining to seven other crashes of similar Beech aircraft. His analysis culminated on May 7, 1981, in NTSB Safety Recommendations A–81–49 to –53, which centered on alleged design flaws that would appear to lend support to the allegations of the plaintiffs in the underlying tort suit in Texas. There appear to be no published opinions deciding whether a Board safety recommendation, as distinct from a Board probable cause report, is a "report of the Board, relating to any accident or the investigation thereof" which by statute may not be admitted or used in a suit "growing out of any matter mentioned in such report or reports," 49 U.S.C. § 1903(c) (1976); *accord id.* § 1441(e) (virtually identical language). At trial, Beech will vigorously argue that a safety recommendation falls within these statutory prohibitions. Indeed, Beech has filed a motion in limine with the district court in Dallas to exclude the recommendations as inadmissible. *See* Transcript of Oral Argument before District of Columbia District Court at 18 (Mar. 16, 1982) (statement of Beech's counsel). The district judge in Texas, however, has not yet ruled on the motion.

Fearing that the district judge might ultimately find that the statutes do not bar the admission of the recommendations into evidence, Beech sought to depose Mr. Alexander in Washington. Beech hopes to uncover evidence that will either prove that the safety recommendations lack the "trustworthiness" a public report needs to fall within an exception to the hearsay rule, Fed.R.Evid. 803(8), or undermine the report's credibility at trial should it ultimately be admitted. Beech has suggested in its briefs, *see* Appellant's Br. at 8–9, 12, 14–15, 45, and represented at oral argument that it would have no interest in pursuing Mr. Alexander's deposition if the district judge in Texas were to rule the safety recommendations inadmissible.

Lacking a ruling on this point, Beech obtained on January 18, 1982, from the District Court for the District of Columbia a subpoena directing the deposition of Mr. Alexander, who was to bring with him certain documents relating to the safety recommendations. Joint Appendix ("J.A.") 21; *see* Fed.R.Civ.P. 45(d)(1) (issuance of subpoena by clerk of the district court for the district in which the deposition is to be taken). On February 1, 1982, the NTSB and Mr. Alexander filed a motion with that same court to quash the subpoena.[3] J.A. 1; *see* Fed.R.Civ.P. 26(c) (protective order may be issued, "on matters relating to a deposition, [by] the court in the district where the deposition is to be taken"). The NTSB argued that the prohibitions of sections 1903(c) and 1441(e) of title 49 cover safety recommendations, not just probable cause reports, and thus that they directly or indirectly[4] bar the discovery sought. On March 16, 1982, the District Court granted

---

**3.** The proceedings in Washington bear the same title as the underlying suit in Texas: *Ouida McCandless, Donald R. McCandless, John D. McCandless, Louis T. McCandless, and Billie Terrell v. Beech Aircraft Corporation.* The Texas plaintiffs, however, took no part in the Washington discovery proceedings, either before the District Court or on appeal.

**4.** At least one court has previously forbidden discovery related to materials that are inadmissible under one of the statutes. *See Kline v.*

*Martin,* 345 F.Supp. 31 (E.D.Va.1972). *But see Falk v. United States,* 53 F.R.D. 113 (D.Conn.1971). Given that discovery may be sought of inadmissible information if "the information sought appears reasonably calculated to lead to the discovery of admissible evidence," Fed.R.Civ.P. 26(b), a court forbidding discovery may rely on either of two theories: (1) that the prohibition against admission into evidence *or use* in a trial directly bars discovery; or (2) that the statute directly bars only admissibility, but discovery related to in-

the motion and directed further that no testimony be sought from Mr. Alexander "with respect to his participation in the promulgation" of the safety recommendations. J.A. 136. It is from this order that Beech now appeals.

## II

There is much to be said for the NTSB's argument that entangling the agency in civil trials through introduction of safety recommendations is little different from doing so through introduction of probable cause reports. Nonetheless, the odd setting of this case convinces us that it would be unwise to rule on the propriety of the quash order at this time. To begin with, even apart from the danger that this court and the Texas district judge might disagree on the proper reach of the statutes, there are sound reasons for leaving the decision in his hands. In seeking the deposition, Beech has been forced to argue here and below that safety recommendations are *not* covered by the statutory prohibitions and that discovery is therefore proper. As Beech fully admits, however, this position is completely at odds with its ultimate interests in this matter and with the arguments it will later urge upon the Texas court. If only out of fairness to the plaintiffs in Texas, who have not been heard here or before the court below, we find good reason to leave the resolution of the statutory question to the Texas court, which can benefit from the argument of two truly adverse parties.

The problems multiply when one considers that the Texas district judge might disagree with any ruling we made on the statutory question. Because the Texas plaintiffs are not parties to this appeal, it is less than clear how binding a present ruling

would be on the Texas district judge. Moreover, even when applicable, the "law of the case" doctrine is not an entirely inflexible mandate. *See Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power").

With this in mind, suppose we were to hold that discovery could take place, only to have the Texas district judge later conclude that the statute indeed prevented the recommendations from being introduced as evidence. By Beech's own admission, the entire reason for discovery would have suddenly evaporated, yet we would have needlessly subjected the NTSB to an intrusion from which it has plausibly argued it was protected by statute. A pretrial ruling by the Texas district judge, however, would eliminate this possibility. Still more seriously, suppose we upheld the quash order on the ground that the statutory prohibitions indeed covered safety recommendations, but the Texas district judge admitted the evidence anyway. Under these circumstances, Beech would be grossly prejudiced: it would suffer the introduction of damaging evidence that it could not subject to probing scrutiny before trial. Here again a pretrial ruling by the Texas district judge might avoid the problem. For we might not insist on leaving the quash order in effect if we knew that the safety recommendations would be admitted as evidence in Texas, whatever our views might be on the statutory question in advance of a ruling by the Texas district judge.[5]

## III

For all of these reasons, it seems wisest to suspend decision in this appeal until

admissible opinions is not reasonably calculated to unearth admissible evidence. Although the NTSB did urge the first theory on the District Court below, *see* Transcript of Oral Argument before District of Columbia District Court at 5 (Mar. 16, 1982), the District Court made no attempt to express which theory it found persuasive or indeed to specify any reasons underlying its order. *See* J.A. 136.

**5.** Saying this does not commit us to the second view of the statutes' effect on discovery dis-

cussed *supra* note 4, i.e., that the statutes affect discovery only indirectly, not directly through the term "use." Even if we believed that the statutes covered safety recommendations, and that the Texas district judge's decision did not bind us because the NTSB was not there a party, we could still permit the discovery to take place without rejecting the more expansive definition of the statutory term "use": we could simply read the statutes as not permit-

Beech advises us that the Texas district judge has ruled on whether the statutes render the safety recommendations inadmissible. We caution Beech, however, not to ask the Texas district court for too broad a ruling. The fact that the judge is said to have directed Beech to depose Mr. Alexander in order to " 'see what the basis [for the safety recommendation] is, and then I will consider whether or not it is admissible into evidence,' " Transcript of Oral Argument before District of Columbia District Court at 18 (Mar. 16, 1982) (Beech's counsel paraphrasing the comments of the Texas district judge), suggests that Beech was pressing for resolution of the hearsay point as well as the statutory question. Beech could not expect the judge to rule on whether circumstances surrounding the preparation of the safety recommendations "indicate lack of trustworthiness," and thus bring the public report outside the hearsay exception of Fed. R.Evid. 803(8), unless he was first able to see the results of the deposition. On the other hand, deciding a carefully limited request for a pretrial ruling that the statutes excluded the evidence would not require or benefit from a consideration of Mr. Alexander's testimony. Therefore, it seems to us that this is a pretrial ruling Beech could properly urge the Texas district judge to make, and for the reasons we have stated above, it is one we find to be the next logical step in this trial.

We thus suspend decision in this appeal until the district judge in Texas has ruled on that portion of the motion in limine now before him claiming that sections 1903(c) and 1441(e) of title 49 render Safety Recommendations A–81–49 to –53 inadmissible.

*It is so ordered.*

ting one party to a lawsuit to suffer from the quirks of a federal system in which two separate courts that read a single statute differently are both necessary for the conduct of the litigation. We mention this possibility not to endorse it, but simply to make clear that we are avoiding interpreting the meaning of the statutes at this time.