Mattie S. McDANIEL, et al., Plaintiffs,

v.

Anthony P. MEHFOUD, et al., Defendants.

Civ. A. No. 88–0020–R.

United States District Court,
E.D. Virginia,
Richmond Division.

March 17, 1989.

Richard Taylor, Hill, Tucker & Marsh, Gerald T. Zerkin, Karen L. Ely–Pierce, Gerald T. Zerkin & Associates, Susan L. Quig–Terry, American Civ. Liberties Union of Virginia Foundation, Richmond, Va., for plaintiffs.

R. Harvey Chappell, Jr., Paul W. Jacobs, II, Christian, Barton, Epps, Brent & Chappell, Joseph P. Rapisarda, Jr., W. Todd Benson, Joseph T. Tokarz, Office of the County Atty., County of Henrico, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on defendants' motion to amend the judgment order of December 30, 1988. 702 F.Supp. 588. The motion has been briefed and argued and is ripe for disposition. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201, 2202 and 42 U.S.C. § 1973j(f).

On December 30, 1988, this Court found that Henrico County's districting plan violates § 2 et seq. of the Voting Rights Act of 1965, 42 U.S.C. § 1973 et seq., and ordered the county defendants to submit a proposed remedial plan within seventy-five (75) days. On January 12, 1989, the defendants filed a motion to amend the judgment order to include a statement pursuant to 28 U.S.C. § 1292(b), that the Court's opinion

and order involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the judgment order may materially advance the ultimate termination of the litigation. Absent such a statement, the December 30 order is not otherwise appealable.

When the parties came before the Court for argument on defendants' motion on February 13, 1989, it appeared that there was a strong chance the parties could reach amicable settlement of the case. Indeed, the plaintiffs, at a later conference, agreed that in light of their having been afforded relief in reference to the appointment of a black to the school board and the recognition by county authorities of a holiday in honor of the late Rev. Martin Luther King, they would be willing to acquiesce in a dismissal of the instant suit and await the 1990 census. Accordingly, on February 23, 1989, the Court, in an effort to facilitate settlement negotiations, stayed that portion of the December 30 Order which directed the defendants to submit a proposed remedial plan within seventy-five days. Since that time it has become painfully apparent that the parties have not been able to settle their differences.

For the reasons that follow, the Court will deny defendants' motion to amend the judgment order and will lift the stay entered on February 23, 1989. Defendants will have until April 10, 1989, to submit their proposed remedial plan.

*Discussion*

Defendants here seek certification of one question. As stated by defendants, the controlling question of law is "the proper interpretation" of the first of the three threshold requirements set forth in *Thornburg v. Gingles*, 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986), and necessary to a successful showing that § 2 of the Voting Rights Act has been violated. Specifically, *Gingles* requires plaintiffs to demonstrate first that the minority group is "sufficiently large and geographically compact to constitute a majority in a single-member district." *Id.* at 50–51, 106 S.Ct. at 2766–67. Defendants have consistently

maintained that the term "majority" as used by the Court in *Gingles* means "effective voting majority" or, in other words, *a majority of voters actually turning out to vote on election day.* Thus, defendants maintain, unless plaintiffs can come up with a single-member district in which a majority of the voters turning out on election day are black, then they cannot prevail as a matter of law. Defendants raised this argument unsuccessfully in their motion for summary judgment, their renewed motion for summary judgment, and at trial.

In its Memorandum Opinion, this Court considered and rejected defendants' argument. The Court found that plaintiffs must show that "the minority has a reasonable opportunity to elect a representative of their choice," and that such opportunity is provided by a district in which blacks comprise a *majority of the voting age population.* The Court went on to find, as a matter of fact, that plaintiffs made such a showing.

Title 28, U.S.C. § 1292(b) provides:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, there are three requirements for granting certification for an interlocutory appeal: (1) the district court order must involve a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) allowance of

the appeal must materially advance the termination of the litigation. Whether these elements are present and certification for interlocutory appeal is appropriate are questions left within the discretionary judgment of the district court. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

In ruling on the question of certification, the Court is mindful of the frequently stated rule that permission for interlocutory appeals should be given sparingly and with discrimination. *See, e.g., Control Data Corp. v. International Business Machines Corp.*, 421 F.2d 323, 325 (8th Cir.1970). As stated in the Report of the Committee of the Judicial Conference, in proposing § 1292(b), "It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of a certificate." 1958 U.S.Code Cong. & Admin.News 5260–5261. The Court is also mindful that one of the compelling reasons for granting certification is to avoid the "prolonged pretrial and protracted trial efforts" that follow the disputed ruling. 16 Wright & Miller § 3929 p. 134 (1977).

Given the requirements of § 1292(b) and these caveats, the Court is not of the opinion that interlocutory appeal is appropriate in this case. The case proceeded swiftly from complaint to trial,[1] and there is no reason to believe that the question of remedy cannot be addressed in a similarly expedient fashion, and a final judgment entered in the case. At this point in the proceedings, there simply are no pretrial or trial efforts to conserve.[2]

Further, the Court does not agree with defendants that there is substantial ground for difference of opinion on the legal question sought to be appealed. Defendants have not cited one opinion holding that plaintiffs in a voting rights case must demonstrate that blacks could comprise a majority of those actually turning out to vote. In fact, the U.S. Court of Appeals for the Fourth Circuit itself determined in *McGhee et al. v. Granville County, et al.*, 860 F.2d 110 (4th Cir.1988), that a district containing a 51.8% black voting age population was sufficient to effect a remedy for a § 2 violation. Arguably, it is implicit in this holding that the Court to which defendants seek to appeal has already determined that the relevant "majority" is voting age population. *See also McNeil v. Springfield Park District*, 851 F.2d 937 (7th Cir.1988) (first requirement in *Gingles* is measured by voting age population). The only apparent difference in opinion defendants demonstrate is between their counsel and the Order of this Court. Counsel's disagreement with the Court is simply not reason enough to grant an interlocutory appeal.

Accordingly, for all of the reasons stated, defendants' motion to amend the judgment will be denied.

An appropriate order shall issue.

### ORDER

For the reasons stated in the accompanying Memorandum, and deeming it just and proper so to do, it is ADJUDGED and ORDERED that defendants' motion to amend the Judgment Order be, and the same is hereby DENIED.

It is FURTHER ORDERED that the stay imposed on February 23, 1989 is lifted. Defendants will have until April 10, 1989 to submit a proposed remedial plan.

---

1. The complaint was filed on January 19, 1988, and trial commenced on September 19, 1988.

2. As noted, the question defendants seek certification on was also the subject of a motion for summary judgment filed on April 8, 1988, and a renewed motion for summary judgment filed on August 4, 1988. Defendants did not seek certification for interlocutory appeal of the order denying the motion for summary judgment.