## CITY OF LOUISA v. LEVI.
### No. 9576.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1944.

Clyde L. Miller and M. J. See, both of Louisa, Ky., for appellant.

H. R. Dysard, of Ashland, Ky. (H. R. Dysard and Dysard & Dysard, all of Ashland, Ky., on the brief), for appellee.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

This action was instituted by appellee, receiver of the Ashland National Bank, a banking association organized under the laws of the United States and in liquidation, to recover the principal and interest on certain street improvements bonds, the cost of such improvements having been assessed against the abutting property owners.

On May 25, 1925, the Council of the City of Louisa, a city of the fifth class located in Lawrence County, Kentucky, by ordinance, provided for the paving of a part of the streets of that city at the expense of the owners of land fronting and abutting on the improved streets. The cost of the improvement was to be paid under the socalled ten-year payment plan as provided in Kentucky Revised Statutes, 1942 Edition, 94.630, formerly Sections 3643-1 to 3706, inclusive, of Carroll's Kentucky Statutes.

The Ashland National Bank of Ashland, Kentucky, in due course, acquired for a valuable consideration, a part of the bonds which were thereafter defaulted and the bank's receiver instituted this action.

The gravamen of appellee's complaint is that appellant had negligently failed in its statutory duty to collect the bonds and pay the proceeds to the owners and that appellant and its officers had negligently permitted the bar of the statute of limitations to fall against the collection of a part of the bonds, and further that without any authority in law appellant had assessed a portion of the cost of said improvements against abutting property owned by the Board of Education of the City of Louisa, an independent municipal corporation, which was not subject to street improvement liens on its property, and further that the appellant had commingled collections on some of the bonds owned by the bank with collections on other bonds and had paid these funds illegally to the owners of other bonds.

Appellant, by answer, denied the allegations of the petition and set up affirmative defenses among which were the statute of limitations and that the city had exceeded its constitutional debt limitation under Section 157 of the Kentucky Constitution.

The trial court, on the evidence, stipulations and admissions of the parties, rejected all of appellant's defenses and adjudged that it was secondarily liable on the bonds in question to the extent of $7,750.89, the amount shown due on the bonds at the date of the judgment, with interest subject to a credit of $596.15 and that appellant was also secondarily liable on the unpaid interest coupons.

The judgment then stated:

"The defendant, City of Louisa, Kentucky, shall proceed immediately to prosecute the suits heretofore instituted against the property owners and to collect from the property owners the amounts respectively unpaid and secured by a lien on their property and when collected pay the same immediately to the plaintiff. After these amounts are collected from the property owners and paid to the plaintiff the Court will render a personal judgment against the City of Louisa, Kentucky, for the unpaid balance, with proper orders for levying and collecting general taxes for the payment thereof.

"This cause is continued on the docket for orders looking to the enforcement and the collection of the balance found to be due the plaintiff as said assessments are collected and paid off."

The Circuit Court of Appeals is bound to inquire as to its own jurisdiction of a cause brought before it by appeal even though the question is not raised by the parties. Republic Iron & Steel Company v. Youngstown Sheet & Tube Company, 6 Cir., 272 F. 386; Fred Macey Company v. Macey, 6 Cir., 135 F. 725; U.S. v. Cusson, 2 Cir., 132 F.2d 413; Goodyear Tire & Rubber Company v. Federal Trade Commission, 6 Cir., 92 F.2d 677; Oakland County v. Hazlett, 6 Cir., 87 F.2d 795.

The jurisdiction of the Circuit Courts of Appeals is purely statutory and such courts are without authority to review by appeal any decision of the district court which is not a final decision, with certain exceptions not material here 28 U.S.C.A. § 225. No appeal lies without an appealable judgment, whatever questions may have

514

developed in the case leading up to the judgment. The statute providing for the review of "final decisions" contains no definition of the phrase. Its meaning must be drawn from statutory construction, by common-law principles and from implications yielded by other statutes. The object of the statute was to save the unnecessary expense and delays of repeated appeals in the same suit and to have the whole case and every controversy in it decided in the same appeal. Forgay v. Conrad, 6 How. 201, 47 U.S. 201, 12 L.Ed. 404.

A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree. Grand Trunk Western R. Co. et al. v. McHie, 6 Cir., 100 F.2d 86; Turnbull v. United States of America, 6 Cir. 139 F.2d 126; Hunter v. Federal Life Insurance Company, 8 Cir., 103 F.2d 192; Fields v. Mutual Ben. Life Ins. Co., 4 Cir., 93 F.2d 559. The recital in a judgment that "after these amounts are collected from the property owner and paid to the plaintiff the court will render a personal judgment * * * for the unpaid balance with proper orders for levying and collecting general taxes for the payment thereof" is interlocutory and will not support an appeal.

A judgment cannot be final where it is impossible for the party in whose favor the decision is made to obtain any benefit therefrom without re-setting the cause for hearing before the court upon a reservation made in the judgment itself. Notwithstanding the trial court adjudged appellant's defenses to be bad in law, it remained for the trial court by future orders or judgments to accomplish the object of the suit. When the trial court ascertains the amount of the judgment to which appellee is entitled and provides for its enforcement by the ministerial processes of the court, the cause will then be complete for appeal and if the judgment be affirmed, there will be nothing left for the trial court to do but to carry it into execution which is the essence of a final judgment for the purpose of appeal. Guarantee Company v. Mechanics' Sav. Bank & Trust Company, 173 U.S. 582, 586, 19 S.Ct. 551, 43 L.Ed. 818.

The only part of the judgment of which appellant complains is that part deciding that appellant is subject to a personal liability. The remainder of the judgment is conceded to be correct with the exception that appellant insists on its defense of statutory limitation as to some of the bonds, which question was not decided by the trial court. Appeal dismissed.