## RECONSTRUCTION FINANCE CORPORATION v. KATZ.

### No. 11166.

Circuit Court of Appeals, Ninth Circuit.

June 14, 1946.

Benjamin, Lieberman & Elmore and Frank A. Pettibone, all of Los Angeles, Cal., for appellant.

William Katz, of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellee, seeking recovery of an extra compensation provided in the federal meat subsidy plan, brought this action against Defense Supplies Corporation (a federal agency whose stock was wholly owned by Reconstruction Finance Corporation), for extra subsidy payments on beef slaughtered in 1944.

Regulation No. 3 of Defense Supplies Corporation (8 Fed. Register 10826) provided for certain payments to live stock slaughterers, which payments appellee received. Effective November 1, 1943, this Regulation was amended by the addition of section 14 (9 Fed. Register 1820), which provided for extra compensation at the rate of 80 cents per hundredweight of beef slaughtered.

To qualify for this extra compensation it was necessary for appellee to show that he was an "unaffiliated slaughterer of beef", defined in the section as a "slaughterer who does not own or control a processor or pur-

veyor of meat". One who "owns or controls" is further defined as one who has, among other things, made "loans or advances in excess of 5% of the other person's [that is, the processor or purveyor of meat] monthly sales." The "unaffiliated slaughterer" must also show that he is a "non-processing" slaughterer, which term is defined as an "unaffiliated slaughterer * * * who during six consecutive months of 1942, sold, and who currently sells, 98% or more" of the total beef slaughtered by him in certain form.

Prior to December 31, 1943, appellee owned a retail meat market and hence could not qualify as an "unaffiliated slaughterer" so as to be eligible for the extra compensation. On December 31, 1943, appellee sold this market to one Martin for $1250, payable $500 in cash, with the balance to be paid in installments of $50 a month beginning February 1, 1944. Under the written contract of sale appellee reserved title to various butcher's tools and a cash register [included in the sale of the market] to secure payment of the balance of the purchase price.

Defense Supplies Corporation refused to pay appellee the extra subsidy payments, contending that appellee had, by reason of the terms of the sale of its retail meat market, extended credit in excess of 5% of the market's monthly sales, and that therefore appellee "controlled" the retail market within the terms of § 14 of Regulation No. 3.

On April 21, 1944 Martin paid appellee the balance of the purchase price, and Defense Supplies corporation then declared appellee eligible under the Regulation and began paying the extra compensation as of April 22, 1944.

Appellee instituted this action to recover the extra compensation for the period January 1 to April 21, 1944, and to secure a declaratory judgment interpreting the provisions of Section 14 of the Regulation in dispute between the parties.

The District Court granted the declaratory relief prayed, construed and interpreted the provisions involved, and found that the term "loans or advances" in § 14(a) (4) of the Regulation did not include "sales, conditional or otherwise, or the mere extension of credit by a slaughterer to a processor or purveyor of meat". The court further found that appellee was eligible under § 14 to receive the extra compensation for the period January 1 to April 21, 1944 and gave judgment for appellee in the sum of $14,566.69, the full amount prayed, and in paragraph 4 of said judgment further provided that: "4. Defendant shall have the right to recover or offset against the sum adjudged and decreed to be due to plaintiff from defendant in the immediately preceding paragraph hereof such amount as defendant may establish in any future action or proceeding that it is entitled to by reason of any mistake, miscalculation or misrepresentation respecting the quantities of beef slaughtered by plaintiff, or based upon facts not contained or disclosed in or by the stipulation hereinabove referred to, ascertained by any audit which may hereinafter be made, that plaintiff did not during six consecutive months in 1942, or during the period from January 1, 1944, to and including April 21, 1944, sell 98% or more measured in dressed carcass weight of the total beef produced from cattle slaughtered by him in the form of carcasses, wholesale cuts, boneless beef or ground beef, or that plaintiff was a processor or purveyor of meat as defined in Paragraph (3), or was not an unaffiliated slaughterer as defined in Paragraph (2) or sub-section (a) of Section 14 of Regulation No. 3, as amended; provided, however, that defendant shall not have the right to recover or offset against the monetary judgment rendered in favor of plaintiff and against defendant herein any sums whatsoever based upon or by reason of the ownership, sale, or terms and conditions of the sale by plaintiff of the meat market referred to in the pleadings in the above entitled action and the stipulation of facts filed herein, or by reason of any interpretation or construction of any of the provisions of Section 14 of Regulation No. 3, as amended, contrary to or different from or other than the interpretation and construction thereof by this court as declared and made herein."

■ We are of the opinion that the judgment of the court below is not a "final decision" within § 128 of the Judicial

Code,[1] and, although the parties are desirous of having us pass upon the merits, we are nevertheless bound to inquire as to our jurisdiction since we cannot properly undertake to pass upon the merits of an appeal until we first determine that we have jurisdiction to hear it.[2]

The judgment appealed from, after construing the pertinent portions of § 14 of the Regulation, and awarding appellee the sum of $14,566.69 as extra compensation due under said Regulation, then provided that appellant might recover or offset against that sum "such amount as defendant [Defense Supplies Corporation] may establish in any future action or proceeding that it is entitled to by reason of any mistake, miscalculation, or misrepresentation" which might be disclosed by an audit to be made in the future.

It is agreed that this provision was included in the judgment because, at the time the judgment was entered, no audit of appellee's books had been made to determine whether in fact appellee had sold, during six consecutive months of 1942, or whether it was selling during the period January 1 to April 21, 1942, 98% or more of its beef in the required form, so as to be eligible within the Regulation.

Appellee in its complaint in the lower court alleged it was eligible by reason of having sold 98% or more of its beef in the required form during the required periods, but no audit had been made to determine this at the time of trial by Defense Supplies Corporation. The parties stipulated that if appellee was entitled to any extra compensation because of the District Court's interpretation of the Regulation, then judgment for the amount claimed should be entered, subject to Defense Supplies Corporation's right to recover back in a later action any amount the proposed audit might show owing to it, or, to offset this amount against the money judgment awarded appellee below, if the audit was completed before the judgment was paid. This stipulation formed the basis for Paragraph 4 of the judgment.

It is insisted that, despite the inclusion in the judgment of said Paragraph 4, the judgment was "intended to be final", and that Paragraph 4 was only inserted to preserve Defense Supplies Corporation's rights in case a check of appellee's books showed that during part of any necessary period it had not sold 98% or more of its beef in the required form.

■ The intent of counsel as to the finality of the judgment cannot control because "counsel cannot by consent confer jurisdiction upon us which the laws of the United States withhold, and appeals do not lie from interlocutory orders."[3]

The audit still to be made may show that no amount is due appellee if it should be determined that appellee did not sell the required amount of beef during any part of the required period in 1942. Or, the audit may show that appellee was eligible to receive the extra compensation during only a portion of the period of January 1 to April 21, 1944.

■ A judgment so inherently uncertain and tentative clearly lacks the necessary characteristic of finality[4] to authorize an appeal therefrom.

■ As we said in Cole v. Rustgard, 9 Cir., 68 F.2d 316: "The test of finality of a decision other than in the excepted cases is whether an affirmance by the appellate court will end the suit and leave nothing for the lower court to do but execute the decree. * * * A judgment or decree which leaves the rights of the parties affected by it undetermined and *open to further litigation* is not a final decision." (Italics ours.)

Appeal dismissed.

---

[1] 28 U.S.C.A. § 225.

[2] City of Louisa v. Levi, 6 Cir., 140 F. 2d 512. United States v. Cusson, 2 Cir., 132 F.2d 413. Cole v. Rustgard, 9 Cir., 68 F.2d 316. The principle expressed in this case has been consistently adhered to by this court in numerous decisions.

[3] American Brake Shoe & Foundry Co. v. New York Rys. Co., 2 Cir., 282 F. 523, 527.

[4] Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 633, 634, 89 L.Ed. 911; Parker v. United States, 1 Cir., 153 F.2d 66, 69; City of Louisa v. Levi, 6 Cir., 140 F.2d 512, 514.