**Mrs. Carrie WAGNER, Plaintiff-Appellee,**

v.

**BURLINGTON INDUSTRIES, INC.,**
d/b/a Volunteer Textiles,
Defendant-Appellant.

**Mrs. Carrie WAGNER, Plaintiff-Cross-Appellant,**

v.

**BURLINGTON INDUSTRIES, INC.,**
d/b/a Volunteer Textiles, Defendant-Cross-Appellee.

**Nos. 19748–9.**

United States Court of Appeals,
Sixth Circuit.
April 8, 1970.

David S. Haynes, Bristol, Tenn., on brief for plaintiff-cross-appellant; Curtin, Haynes, Winston, Caldwell & Johnson, Bristol, Tenn., of counsel.

Ernest F. Smith, Kingsport, Tenn., for defendant-cross-appellee; S. Morris Hadden, Kingsport, Tenn., on the brief; Hunter, Smith, Davis, Norris, Waddey & Treadway, Kingsport, Tenn., of counsel.

Before WEICK, PECK and BROOKS, Circuit Judges.

WEICK, Circuit Judge.

Carrie Wagner sued Burlington Industries, Inc. (Burlington) in the District Court to recover damages for personal injuries and damages to her property allegedly resulting from the defendant's maintenance of a private nuisance on its premises. Burlington's textile mill was located about a half block away from her home. Defendant installed in its mill "high speed looms" in April, 1965. Mrs. Wagner alleged that the operation of these "high speed looms" caused vibrations which resulted not only in damage to her home but also in personal injury to her. Jurisdiction was based on diversity of citizenship.

The case was tried to a jury which found that Burlington maintained a temporary nuisance on its premises; that Mrs. Wagner did not sustain any personal injury, but that her property was damaged in the amount of $6,400, for which amount it returned a verdict in her favor. Burlington moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. The District Court denied the motion for judgment notwithstanding the verdict and denied the motion for a new trial on the issue of liability, but granted a new trial solely on the issue of property damage. The Court found that the jury award of $6,400 was grossly excessive [1] and that the jurors either were influenced by prejudice or passion, or acted in reckless disregard of the Court's instructions. The Court reserved for retrial only the issue of damages.

Burlington appealed from the denial of its motion for judgment notwithstanding the verdict, and from the denial of its motion for a new trial on the issue of liability. Mrs. Wagner appealed from the order of the District Court granting a new trial on the issue of damages [2] contending that the jury verdict of $6,400 should be reinstated, or a

---

1. The District Court found that the jury verdict on the issue of damages to property should not have exceeded $5,759.99, if the jurors had followed the Court's instructions.

2. Plaintiff did not appeal from the judgment denying her claim for personal injuries.

remittitur of no more than $640 be awarded by this Court [3].

■ This Court is bound, however, to inquire into its jurisdiction to entertain an appeal, even though the question is not raised by the parties. Douglas v. Union Carbide Corp., 311 F.2d 182, 185 (4th Cir. 1962); City of Louisa v. Levi, 140 F.2d 512, 513 (6th Cir. 1944).

■ The issue before us is whether the District Court's judgment for the plaintiff on the issue of liability and the ordering of a new trial on the issue of damages is a final appealable order.

We are of the opinion that it is not an appealable decision.

Title 28 U.S.C. § 1291 provides:

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court."

■ It is settled that an appeal does not lie from an order granting a new trial. Ford Motor Co. v. Busam Motor Sales, Inc., 185 F.2d 531, 533 (6th Cir. 1950), and cases cited therein. The denial of defendant's motion for judgment notwithstanding the verdict, when coupled with the granting of a new trial, is also not appealable. Douglas v. Union Carbide Corp., *supra*; Ford Motor Co. v. Busam Motor Sales, Inc., *supra*.

This Court has defined the term final judgment:

"A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." City of Louisa v. Levi, *supra* 140 F.2d at 514.

Even though the judgment of the District Court determined the issue of defendant's liability, there cannot be an appeal from that judgment or order because the granting of a new trial on the issue of damages renders the order interlocutory and nonappealable. Howell v. Terminal R.R. Ass'n, 155 F.2d 807 (8th Cir. 1946).

Although the judgment denying defendant's motion for judgment notwithstanding the verdict and granting a new trial on the issue of damages is not now appealable, it is reviewable on appeal from a final judgment whenever it is entered. Duncan v. Duncan, 377 F.2d 49 (6th Cir. 1967), cert. denied, 389 U.S. 913.

28 U.S.C. § 1292(b)[4] permits appeals from interlocutory decisions under certain conditions not present here. The District Court inserted in its order the certification required by 28 U.S.C. § 1292(b) to the effect that the case involved a controlling question of law as to which there are substantial grounds for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of the litigation. The District Court also entered an order staying proceedings.

It is important to note that the statute provides that it is within the discretion of the Court of Appeals to permit an appeal from an interlocutory order.

---

3. The remittitur is computed as follows:
   Jury award in amount of .... $6,400.
   District Court found that
   the award should not ex-
   ceed the sum of .......... 5,760.
   Difference ................ $ 640.

4. 28 U.S.C. § 1292(b) provides:
   "(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; * * *."

Rule 5 of the Rules of Appellate Procedure provides:

"APPEALS BY PERMISSION UNDER 28 U.S.C. §§ 1292(b)

"(a) Petition for Permission to Appeal. An appeal from an interlocutory order containing the statement prescribed by 28 U.S.C. § 1292(b) may be sought by filing a petition for permission to appeal with the clerk of the court of appeals within 10 days after the entry of such order in the district court with proof of service on all other parties to the action in the district court. An order may be amended to include the prescribed statement at any time, and permission to appeal may be sought within 10 days after entry of the order as amended.

"(b) Content of Petition; Answer. The petition shall contain a statement of the facts necessary to an understanding of the controlling question of law determined by the order of the district court; a statement of the question itself; and a statement of the reasons why a substantial basis exists for a difference of opinion on the question and why an immediate appeal may materially advance the termination of the litigation. The petition shall include or have annexed thereto a copy of the order from which appeal is sought and of any findings of fact, conclusions of law and opinion relating thereto. Within 7 days after service of the petition an adverse party may file an answer in opposition. The application and answer shall be submitted without oral argument unless otherwise ordered."

Neither of the parties applied to this Court for leave to appeal from the District Court's judgment, as is required by 28 U.S.C. § 1292(b) and Rule 5. Since there has been no compliance with either the rule or the statute, the interlocutory order is not appealable. We are without jurisdiction to hear these appeals.[5]

The appeal and cross appeal are dismissed for want of jurisdiction.

---

5. 28 U.S.C. § 1292(b) is to be strictly construed and contemplates only the extraordinary type of case. Kraus v. Board of County Rd. Com'rs, 364 F.2d 919, 922 (6th Cir. 1966). This statute was not intended to authorize interlocutory appeals in ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days. Haraburda v. United States Steel Corp., 187 F.Supp. 86, 94 (W.D.Mich.1960), cited with approval by this Court, Kraus v. Board of County Rd. Com'rs, *supra* 364 F.2d at 922.