**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**"A" MANUFACTURING COMPANY,
INC., J. B. Adoue, III, and Sam R.
Hayes, Defendants-Appellants.**

No. 74–3541.

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1976.

Joe L. Orr, Ft. Worth, Tex., for defendants-appellants.

Frank D. McCown, U.S. Atty., Claude D. Brown, Asst. U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Rufus S. Garrett, Jr., Ft. Worth, Tex., for Receiver.

Beale Dean, Ft. Worth, Tex., for Bk. of No. Tex.

Jack E. Brady, Dallas, Tex., for E. D. M. of Tex.

Before BROWN, Chief Judge, and RIVES and GEE, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The Government sued on behalf of the Small Business Administration against "A" ("A" Manufacturing Company, Inc.) to cover a claimed outstanding balance due on a promissory note, payable to the Bank of North Texas and guaranteed by the SBA. The note was signed by Adoue and Hayes as sureties. The SBA is the undisputed present holder of the note.

During a hearing for the appointment of a receiver arising from a motion by the Government, the District Judge appointed a receiver to determine the facts and make an accounting between the parties. His order gave the receiver the power to sell the property named therein and thereafter to make a report for confirmation of the sale. No appeal is taken from the appointment of the receiver. The order was without prejudice to the rights of the parties as to their ownership, claims of liens and the distribu-

tion of the proceeds. The order was entered on May 8, 1974.

On May 20, 1974 "A" filed a motion to amend the order appointing the receiver to include the requirement of an accounting prior to any sale of the property. The named receiver also filed a motion to employ an accounting firm to determine the rights of the various parties. The District Judge on May 23, 1974 granted the receiver's motion and supplemented his order appointing the receiver to provide for seizure of the records and books of "A" by the receiver and for an accounting prior to the sale. The supplemental order gave the receiver the power to determine whether a sale would be in the parties' best interest.

On May 29, 1974 "A" filed its motion to amend the supplemental order claiming that it was too harsh and that they would cooperate with the receiver and alternatively asking that all the records of the bank be seized as well.

On June 19, 1974, counsel for all parties met in the receiver's office. Pursuant to their mutual agreement, the receiver notified the Court that he was filing a petition to employ an auctioneer and if no objections were received by the Court within one week an order authorizing the sale would be entered without a hearing. Copies of that letter were sent to the named counsel for each party. The receiver's report was held by the Court until July 1, some 10 days after its receipt and well after the week's termination. No objection was filed by any party within that time. On July 1, 1974 the receiver's report and application was approved and the appropriate order entered and filed.

The auction sale was set for 10 a. m. July 27, 1974. An auctioneering firm was employed and considerable funds were expended on advertisement of the sale.

On July 24, three weeks after the order was entered and three days before the scheduled sale, "A" filed a motion to suspend the sale. Its contention was that no sale could precede the accounting ordered by the Court in its supplemental order of May 23 appointing the receiver.

The same day the receiver filed a report urging the Court not to postpone or cancel the planned sale. The report stated that about 10 more days would be required to fully evaluate the audit conducted by the SBA and that additional pleadings were required but that a prompt sale was imperative to avoid decreased value of the property and adverse effects on any subsequent sales if the planned one were to be aborted.

On the next day, July 25, the receiver filed a second report which contained among other findings that "A" was indebted to SBA in at least the sum of $60,000. Again, the receiver requested that the sale proceed as scheduled.

The Court, on July 26, considered all the foregoing and entered its order that the sale proceed as planned. It is from this order that "A" appeals. The sale was held as advertised. On July 30 the Court confirmed the sale acknowledging the receipt of $83,431 in proceeds. "A" also appeals from this order. We affirm.

The two questions raised by this appeal are (i) whether the orders of the District Court which required the sale of assets and the order which confirmed the same are appealable under 28 U.S.C. § 1292(a)(2).[1] And (ii) whether the District Court erred in proceeding with the sale of the property prior to the final accounting. Since the appealability of the order raises jurisdictional questions we will dispose of that first.

### Appeal From Order Of Sale And Confirmation

Section 1292(a)(2) provides for appeals from interlocutory orders which take

---

1. 1292. *Interlocutory decisions.*—(a) The courts of appeals shall have jurisdiction of appeals from:

(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiver-

ships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

steps to accomplish the purpose of receiverships such as directing the sale or disposal of property. It logically follows that if an order directing a sale is appealable then an order confirming a sale after the fact is likewise appealable.

In *First National Bank v. Shedd*, 1886, 121 U.S. 74, 7 S.Ct. 807, 30 L.Ed. 877, a foreclosure on a mortgage was before the Court. In considering the appealability of an order of sale entered before the rights of the party under the mortgage was determined the Court overruled the motion to dismiss, holding that the case was taken from a final decree and not from an interlocutory order.

In *State of New York v. Kilsheimer*, 2 Cir., 1957, 251 F.2d 175, the Court held in a receivership proceeding that an order which approves bids and confirms sales under those bids is appealable.

The Supreme Court long ago in *Sage v. Railroad Company*, 1877, 96 U.S. 712, 714, 24 L.Ed. 641 stated that:

> We have often decided that a decree confirming a sale, if it is final, may be appealed from. . . . In this case it is final, so far as title under the sale is concerned. It cuts off the equity of redemption by the railroad company and the junior mortgagees and general creditors, except as provided in the decree of Oct. 22; and passes the title to the purchaser, subject to certain trusts already fixed by the court, over which the present appellants have control only through their appeal from the former decree. No reversal of any order hereafter made will necessarily divest this title. The proceedings hereafter will relate only to the disposition of the property acquired by the purchase and the proceeds of the sale. For relief against the sale, resort can alone be had to an appeal from the decree of confirmation. (Citations omitted).

These cases, spanning a century, clearly establish the rule that an interlocutory order commanding a sale, and one confirming a sale are appealable.

■ The order of sale by the Court prior to the final accounting is a discretionary matter which will not be overturned on appeal except for abuse. The very cases cited by appellant for the issue of appealability establish the Court's prerogative to order an early sale. In *State of New York v. Kilsheimer, supra*, the appellate court affirmed the lower court's decision to sell the property first and then determine the merits of the conflicting claims and liens and distribute the proceeds accordingly.

In *First National Bank v. Shedd, supra*, the Court again affirmed a pre-accounting sale of the assets. In *Shedd*, 121 U.S. at 87, 7 S.Ct. at 814, the Court made this clear.

> "The court below, having the practical workings of the receivership under its own eye, did not hesitate to say that 'it is now entirely clear that the best interests of all parties concerned will be promoted by a speedy sale,' and we see nothing to the contrary. Of the power of the court to make such an order in a proper case we have no doubt."

■ In making its ruling the Trial Court considered all the factors before it. These included advertisement expenses incurred for the sale, the cost of storage and upkeep of the property, the fact that all parties were aware of the employment of the auctioneer and no objection was made within the agreed time limit, the SBA audit, and the receiver's finding that "A" was indebted to SBA in at least the sum of $60,000.

The total sale price was $83,431 which was greater than the appraised value for the property. The highest appraisal was $65,500.

In ordering the sale and in confirming the sale the Court had sufficient grounds to support its decision. But most importantly the rights of the parties were not destroyed by the sale, indeed, they were carefully preserved against the proceeds. The accounting will now determine what amount of the proceeds, if any, "A" is entitled to claim.

AFFIRMED.