In re SACO LOCAL DEVELOPMENT CORP., et al., Debtors.

CREDITORS COMMITTEE, Appellant,

v.

ARMSTRONG BUSINESS CREDIT CORP., et al., Appellees.

Bankruptcy No. 81–9024.

United States Bankruptcy Appellate Panel for the First Circuit.

April 2, 1982.

Gregory A. Tselikis and Charles E. Miller, with whom Bernstein, Shur, Sawyer & Nelson, Portland, Maine, were on brief for appellant.

Jon D. Schneider and Evan Jones with whom Goodwin, Proctor & Hoar, Boston, Mass, were on brief for appellees Armstrong Business Credit Corp. and Lazere Financial Corp.

Barry M. Portnoy and Lena G. Goldberg with whom Sullivan & Worcester, Boston, Mass., were on brief for appellee N. K. L. Tanning, Inc.

Before LAWLESS, Chief Judge, and VOTOLATO and GLENNON, Bankruptcy Judges.

LAWLESS, Chief Judge:

The bankruptcy court after hearings instructed the debtors herein to accept the last and final bid of N. K. L. Tanning Inc., appellee herein, to purchase certain assets of the debtors. The bid detailed the liens and encumbrances, security interest changes and restrictions to be assumed by the bidder, and stipulated that the assets be transferred to the bidder free and clear, except as to those obligations explicitly assumed by the bidder.

The court issued an order authorizing the sale, providing that final details of the sale would be approved by the court.

On April 16, 1981, the court confirmed the sale, free and clear of liens and encumbrances, except those expressly assumed by the bidder.

The Creditors Committee, on April 21, 1981, filed its Motion for Reconsideration. By order of May 8, 1981, the court amended the Order Confirming Sale so as to grant in part and deny in part the Motion for Reconsideration.

It is the Creditor's Committee's appeal from this order of May 8, 1981, that is before the panel.

There was no stay of the order for sale. The sale has gone forward and the Creditor's Committee does not seek to undo it. The Committee appeals because of the failure of the court to include three modifications it suggested be made in the amending second order. These suggested modifications were:

(a) That the Order does not modify, alter or release any claims or actions that may exist in favor of the Debtors against any unsecured or secured creditor, NKL, any shareholder of NKL or any of the Debtors' management;

(b) That the funds paid by NKL Tanning ("NKL") to the Debtors for the Miscellaneous Assets are free of all liens and encumbrances;

. . . . .

(d) That the assumption of certain secured indebtedness by NKL completely satisfies those claims and the following creditors shall have no further claims against the Debtors:

(i) Mutual Life Insurance Company of New York;

(ii) Maine Guaranty Authority;

(iii) Economic Development Administration (except as to Leather Comfort Corporation);

(iv) City of Saco;

(v) Armstrong Business Credit Corp.;

(vi) Lazere Financial Corp.; and

(vii) Pepperell Trust Co.

The Committee challenges the timing of the bankruptcy judge's determination of the rights, interests and liabilities of the parties by arguing that this determination should have been made before the assets were sold. Thus, the issue presented to the panel for review involves the single question of the propriety of ordering a sale before the rights of various parties to the proceedings have been resolved.

We hold that the order appealed from is a final order.[1] When an order confirming a sale to a good faith purchaser is entered and a stay of that sale is not obtained, the sale becomes final and cannot be reversed on appeal. 11 U.S.C. § 363(m), Bankruptcy Rule 805; *See also In re Royal Properties, Inc.*, 621 F.2d 984 (9th Cir. 1980). The sale to N. K. L., once consummated, could never be reversed and the Committee, therefore, is forever barred from obtaining the relief it originally sought from the bankruptcy judge (a determination of its rights and liabilities in the assets *before* the sale took place). For this reason, the order of May 8, 1981, "disposes of the whole subject" and gives "effect to the judgement." *City of Louisa v. Levi*, 140 F.2d 512, 514 (6th Cir. 1944).

Furthermore, the order confirming sale clearly was final and appealable. *First National Bank of Cleveland v. Shedd*, 121 U.S. 74, 7 S.Ct. 807, 30 L.Ed. 877 (1886); *See also Citibank, N. A. v. Data Lease Financial Corp.*, 645 F.2d 333 (5th Cir. 1981); *United States of America v. "A" Manufacturing Company et al.*, 541 F.2d 504 (5th Cir. 1976); *State of New York v. Kilsheimer*, 251 F.2d 175 (2nd Cir. 1957). Under the unusual circumstances of this case,[2] the order of May 8, 1981, which amends, modifies and draws its significance from the order confirming sale, incorporates the characteristic of finality that is implicit in the order of sale. The two orders are so interrelated that the finality of one necessarily affects the other. We must, therefore, consider both orders as final.

For nearly a century it has been the law that there is no duty on the bankruptcy court to resolve collateral questions involving the disposition of the funds of the sale before the sale is confirmed. *First National Bank of Cleveland v. Shedd, supra; See also United States of America v. "A" Manufac-*

turing Company et al., supra; In re Wiltse Brothers Corporation, 361 F.2d 295 (6th Cir. 1966).

This is a rule of necessity as well as of law. In connection with its duty to collect and distribute assets, the bankruptcy court must have the power to sell assets free and clear. That this power is implied has been recognized by the Supreme Court even when the bankruptcy statute in effect at the time did not specifically grant the power. *Van Huffel v. Harkelrode*, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256 (1931).

In the exercise of the power, the court must have the power to confirm a sale free and clear without the necessity of delay while the issues raised in the matter of disposition of the funds received in the sale are disposed of after hearings involving the various parties who have claim thereto, and it has been historical bankruptcy practice to recognize this fact. Successful bidders are unlikely to hold their bids open while the rights of claimants to the fund are resolved, often in protracted proceedings.

The proceedings hereafter will relate only to the disposition of the proceeds of the sale. Questions of disposition of proceeds relate to the proceeds of the sale but are not part of the question herein posed.

The bankruptcy court's order of May 8, 1981, which in effect left the fruits of the sale in a position of substitution for the assets sold, to await the disposition of whatever rights were asserted to be made effective against the funds, was correct.

Accordingly, the order is affirmed.

VOTOLATO, Bankruptcy Judge, dissenting.

In this case I do not think the merits should have been considered.

The creditors' committee appealed an order of the Bankruptcy Court amending its

---

1. It is inaccurate to suggest that the appeal is interlocutory because appellant can get what it wants by awaiting the disposition of the funds and sharing therein. This is precisely what it does not want. It wants the rights of the parties in fund disposition defined before the sale.

2. In most cases in which this issue has arisen, the two orders discussed above have been merged into a single order.

Order Confirming Sale, which granted in part and denied in part the Appellant's earlier Motion for Reconsideration.[1] I believe that such orders, and this one in particular, are interlocutory.

However, accepting arguendo the majority's conclusion that since the order confirming sale and the order on reconsideration are so interrelated that they must be treated as one, I still cannot agree that this appeal is from a final order. In order to constitute a final judgment, and one which is reviewable by this Court, the order appealed from must be one

> which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree.

*City of Louisa v. Levi*, 140 F.2d 512, 514 (6th Cir. 1944).

Notwithstanding the majority view and the authorities cited by it,[2] not every order of sale is final. Certainly, a sale which in fact completely determines a party's rights, and leaves no room for relief, is final. The order in question, however, does not "dispose of the whole subject and give all the relief that was contemplated." *City of Louisa*, 140 F.2d at 514. The refusal of the Bankruptcy Court to include the modifications urged by the Appellant left the aggrieved parties fully at liberty to litigate their respective rights to the proceeds after the sale.[3]

The majority says that the order appealed from is final because the relief sought is "a determination of [the Committee's] rights and liabilities in the assets *before* the sale took place." I cannot agree with that conclusion for two reasons: In the first place, I see the characterization of the order as a determination of rights and liabilities before the sale, as indulgence in semantics. Of course, *any* adverse order or decision has some element of finality which will dispose of some part of the aggrieved party's rights.[4] The point ignored by the majority is that a reviewable order is one that disposes of the *whole subject*, once and for all. In this case, the majority reasons that because certain peripheral rights of the Appellant were not determined prior to a sale of the assets, then the order appealed from must be final. By following that logic to its ultimate conclusion, *all* orders would be final, and the concept of nonappealability of interlocutory orders would be completely frustrated.

Secondly, the majority concludes that the bankruptcy judge was correct in leaving the proceeds of the sale for later disposition in accordance with any rights asserted. If indeed the Bankruptcy Court must still determine who is entitled to the proceeds which are now substituted for the property in question, the order appealed from, by definition, has not "disposed of the whole subject . . . leaving nothing to be done in the cause save to superintend, ministerially, the execution of the decree." *City of Louisa*, 140 F.2d at 514. It seems to me that the majority's ruling as to finality, and its con-

1. Although the Appellant did not file a motion for leave to appeal, the Bankruptcy Appellate Panel may treat a notice of appeal as a timely and proper application for leave to appeal. Interim Bankruptcy Rule 8004(d).

2. I think it is important to note that the authorities cited by the majority holding that orders confirming sales are final, are based upon Supreme Court cases decided in the Nineteenth Century. In light of the dramatic caseload increase now being experienced by all courts nearly 100 years later, these precedents should be re-examined to determine their relevance or applicability today.

3. In this case, there was no dispute as to whether the property should be sold. "There was no stay of the order for sale. The sale has gone forward and the Creditor's Committee does not seek to undo it." (Majority Opinion at p. 120). Rather, the modifications urged by Appellant concern rights and liabilities which may be litigated at any time.

4. For example, an order denying a motion to dismiss most certainly disposes of the movant's right to have that question decided *at that time*; nevertheless, such orders are clearly interlocutory. 1 Collier on Bankruptcy ¶ 3.03 (15th ed.) 3 299.

clusion on the merits are necessarily inconsistent.

In the past this panel has stated its "general policy of discouraging interlocutory appeals and allowing such appeals only where exceptional circumstances exist." *Casco Bay Lines, Inc. v. Public Utilities Commission (In re Casco Bay Lines, Inc.)*, 8 B.R. 784 (Bkrtcy.App. Panel 1st Cir. 1981). The Appellant has not alleged or demonstrated any exceptional circumstances.

For these reasons I dissent on the issue of finality, in order to emphasize the importance of and to preserve the integrity of the interlocutory rule.