765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JUDY ISABELLE BLACK, PLAINTIFF-APPELLANT,
v.
A.H. ROBINS COMPANY, INC., DEFENDANT-APPELLEE.
 NO. 85-5155
 United States Court of Appeals, Sixth Circuit.
 5/13/85
 
 ORDER
 BEFORE: KEITH, MARTIN, and JONES, Circuit Judges.
 
 
 1
 Plaintiff Judy I. Flack (herein Mrs. Flack) appeals from the district court's order which granted defendant's motion for summary judgment or dismissal of her tort claim.
 
 
 2
 Mrs. Flack developed pelvic inflammatory disease related to use of the Dalkon Shield, an intrauterine device and had to have a complete hysterectomy. On September 1, 1982 Mrs. Flack and her husband commenced a tort action against defendant. The suit was dismissed by stipulation. On November 15, 1983 the Flacks filed a second suit. Because the army was transferring Mr. Flack to Germany and Mrs. Flack was accompanying him, an agreed voluntary non-suit without prejudice was entered. This agreed nonsuit provided that plaintiffs could refile the suit within 30 days after returning to the United States. The Flacks returned to the United States on May 23, 1984, but did not file the complaint in the present lawsuit until September 14, 1984. In the complaint filed September 14, 1984 the Flacks named as defendants A. H. Robins Co., Inc., (Robins) the manufacturer of the Dalkon Shield, and D.L.K., Inc. and its principals, who designed and developed the Dalkon Shield. Mrs. Flack sought $1,000,000 in compensatory damages and $500,000 in punitive damages and Mr. Flack sought $500,000 in compensatory damages and $500,000 in punitive damages.
 
 
 3
 On December 20, 1984 the district court granted D.L.K. Inc.'s motion for summary judgment. Subsequently, Robins moved for summary judgment or for dismissal on the ground that the action, filed more than one year after Mrs. Flack had knowledge of her injury, was time barred under Tennessee Code Annotated Sec. 28-3-104. The district court granted the motion for summary judgment as to Mrs. Flack, but denied it as to Mr. Flack's derivative action for loss of consortium on the basis that his suit was protected by the Soldiers' and Sailors' Relief Act of 1940. The Court found that its ruling 'involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation.' It, therefore, ordered that plaintiffs be granted an interlocutory appeal from the dismissal of Mrs. Flack's claim, and that the defendant be granted an interlocutory appeal from the denial of the dismissal of Mr. Flack's claim. It also stayed proceedings pending appeal.
 
 
 4
 Upon consideration, we conclude that Mrs. Flack's appeal must be dismissed for lack of jurisdiction. Here the district court, quoting the language required for certifying questions pursuant to Sec. 1292(b), certified two questions for interlocutory appeal. However, plaintiff did not file a petition to appeal. Instead, Mrs. Flack filed a notice of appeal. When a trial court's interlocutory order is certified for immediate appeal under Sec. 1292(b), but no petition to appeal from the interlocutory order is filed in the Court of Appeals within the ten day period prescribed by Sec. 1292(b) and Rule 5, Federal Rules of Appellate Procedure, the Court of Appeals lacks jurisdiction to hear the appeal. Wagner v. Burlington Industries, Inc., 423 F.2d 1319, 1322 (6th Cir. 1970). Filing of a notice of appeal in the district court does not constitute compliance with Sec. 1292(b) and Rule 5, Federal Rules of Appellate Procedure. Hellerstein v. Mr. Steak, Inc., 531 F.2d 470, 472 (10th Cir. 1976). Since Mrs. Flack failed to satisfy the jurisdictional prerequisite for review under Sec. 1292(b), this Court may not consider her appeal from the district court's interlocutory order.
 
 
 5
 It is, therefore, ORDERED that the appeal is dismissed for lack of jurisdiction pursuant to Sixth Circuit Rule 9(d)(1).