798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BIXEL FORD, INC.; Washington R.Carter, Plaintiff-Appellant,
v.
BORG-WARNER ACCEPTANCE CORPORATION, LEASING DIVISION,
Defendant-Appellee.
 Nos. 85-3577, 85-3821.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1986.
 
 Before KEITH, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion to dismiss the appeal in Case No. 85-3821. Appellee has not responded thereto.
 
 
 2
 On January 30, 1985, judgment was entered pursuant to a jury verdict in favor of appellant for $402,700.00 on its claim that appellee breached the contract pursuant to which appellee was to provide financing for appellant's "floor plan." Appellant's claim of racial discrimination (42 U.S.C. Sec. 1982) resulted in a directed verdict for appellee. Appellant moved for a new trial on the claim of racial discrimination; appellee moved for judgment notwithstanding the verdict, for a new trial on all claims and for a remittitur.
 
 
 3
 On April 30, 1985, appellee's motion for a judgment notwithstanding the verdict was denied. The district court subsequently ruled on the remaining post trial motions as follows:(1) appellant's motion for a partial new trial was denied, and (2) appellant was ordered to remit $330,900.oo within 10 days from the date of the order (May 29, 1985) or appellee's motion for a new trial would be granted. Appellant did not remit the sum described by the district court and consequently, the district court entered an order on June 19, 1985, granting appellee's motion for a new trial, setting aside the jury verdict and vacating the judgment of January 30, 1985. Appellant prosecuted a direct appeal from the order of June 19, 1985, docketed in this Court as Case No. 85-3577. Appellee moved for leave to file a cross-appeal out of time which was granted by the district court. That cross appeal has been docketed in this Court as Case No. 85-3821 and is the subject of appellant's motion to dismiss.
 
 
 4
 We raise, sua sponte, a jurisdictional defect in the direct appeal, docketed as Case No. 85-3577. The appeal, Case No. 85-3577, has been prosecuted from the district court order of June 19, 1985, part of which granted appellee's motion for a new trial on the breach of contract claim. Orders which grant new trials are nonappealable. National Polymer Products, Inc. Borg-Warner Corp., 660 F.2d 171, 177 (6th Cir. 1981).
 
 
 5
 The cross-appeal, Case No. 85-3821, has been prosecuted from the district court order of April 30, 1985, which denied appellee's motion for judgment notwithstanding the verdict. Since the district court's order of June 19, 1985, set aside the jury verdict and vacated the judgment of January 30, 1985, and granted a new trial, it appears that this cross-appeal is moot. Furthermore, an order denying a motion for judgment notwithstanding the verdict is nonappealable. Ford Motor Co. v. Busam Motor Sales, Inc., 185 F.2d 531 (6th Cir. 1950); Cf. Wagner v. Burlington Industries, Inc., 423 F.2d 1319 (6th Cir. 1970).
 
 
 6
 For the foregoing reasons, it is ORDERED that the appeal in Case No. 85-3577 be dismissed as being prosecuted from a nonappealable order. It is further ORDERED that the cross-appeal, Case No. 85-3821, be dismissed as being moot and as being prosecuted from a nonappealable order.