USCA1 Opinion

 

 November 3, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1592 LEON P. CHEMLEN, Plaintiff, Appellant, v. BANK OF IRELAND FIRST HOLDINGS, INC., ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Leon P. Chemlen on brief pro se. _______________ Alan R. Hoffman and Lynch, Brewer, Hoffman & Sands, on brief _______________ ______________________________ for appellee. __________________ __________________ Per Curiam. Appellant Leon Chemlen appeals the dismissal __________ of his civil action alleging violations of the Racketeer Influenced and Corrupt Organization Act [RICO], 18 U.S.C. 1961 et seq., the Massachusetts Consumer Protection Act, __ ___ M.G.L. ch. 93A, and state and federal civil rights statutes by appellees Bank of Ireland, its general counsel, Joel Brickman, the law firm of Sheehan, Phinney, Bass & Green and two of its employees, and Joseph Schindler, trustee of appellee's bankruptcy estate. We affirm the dismissal. Background Background In October 1990, Chemlen filed a voluntary Chapter 7 petition in the United States Bankruptcy Court. Appellee Joseph Schindler was appointed trustee of the estate. In October 1991, Schindler sought approval from the court to settle two lawsuits Chemlen had brought against Merchants National Bank and other defendants.1 Each suit alleged misconduct in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. Alleging misconduct by counsel for the __ ___ bank and collusion between counsel for the bank and the trustee, Chemlen opposed the settlement motion. The bankruptcy court granted the trustee's motion and denied that of Chemlen. ____________________ 1. Appellee Bank of Ireland is the parent of First New Hampshire Bank, the successor to Merchants National Bank. -2- In January 1992, Chemlen moved to remove Schindler as trustee of the estate. He alleged that Schindler had engaged in various improprieties in regard to the settlement of the suits against the bank, including threatening appellant with criminal prosecutions if he continued to oppose settlement of the suits, deceiving appellant, the court and creditors as to the settlements, and giving the appearance of collusion with the bank in settlement negotiations. This motion was denied. Chemlen later moved to enjoin the trustee from "interfering" with his suits against the bank and, for a second time, to remove the trustee. These motions too were denied. Finally, Chemlen appealed the order authorizing the trustee to settle the suits against the bank, the order denying his request to enjoin the settlement, and the order denying his request to remove the trustee. The district court dismissed his appeal on these issues on the ground that Chemlen lacked standing. The court found that the settlement proceeds were part of the estate and that Chemlen had not shown that a successful appeal would create a surplus of assets over liabilities for the estate. Chemlen therefore lacked any direct pecuniary interest in the estate and was not a "person aggrieved" by the contested orders. Chemlen did not appeal the decision of the district court. Meanwhile, in January 1993, Chemlen filed the instant suit. It repeats various factual allegations previously made -3- before the bankruptcy court. However, Chemlen now seeks relief under RICO, federal civil rights law and state consumer protection and civil rights law. The gravamen of Chemlen's complaint is that he suffered harm from appellees' illegal actions depriving him of his property in the proceeds of the two lawsuits settled by the trustee. The district court dismissed the complaint on the ground that it was an improper attempt to relitigate issues already ruled on in the bankruptcy court. In the alternative, the court found that the focus of the complaint concerned communications made in connection with judicial proceedings, which communications were absolutely privileged. We find that the case was properly dismissed on the ground of res judicata and, ___ ________ therefore, do not reach the district court's alternate ground. Discussion Discussion We have recently placed the doctrine of res judicata ___ ________ into workable perspective: The doctrine of res judicata bars all parties and ___ ________ their privies from relitigating issues which were raised or could have been raised in a previous _____ ____ ____ ______ action, once a court has entered a final judgment on the merits in the previous action. United ______ States v. Alky Enterprises, Inc., 969 F.2d 1309, ______ _____________________ -4- 1314 (1st Cir. 1992). The essential elements of res judicata, or claim preclusion, are (1) a final ___ ________ judgment on the merits in an earlier action; (2) an identity of the parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits. Kale v. ____ Combined Insurance Co. of America, 924 F.2d 1161, __________________________________ 1165 (1st Cir.), cert. denied, 112 S.Ct. 69 (1991). ____ ______ F.D.I.C. v. Shearson-American Express, Inc., 996 F.2d 493, _______ _______________________________ 497 (1st Cir. 1993) (quoting Aunyx Corp. v. Canon U.S.A., ___________ _____________ Inc., 978 F.2d 3, 6 (1st Cir. 1992), cert. denied, 113 S.Ct. ___ ____ ______ 1416 (1993)) (emphasis in original). "The normal rules of res judicata and collateral estoppel apply to the decisions ___ ________ of the bankruptcy courts." Id. (quoting Katchen v. Landy, __ _______ _____ 382 U.S. 323, 334 (1966)). "Generally, a court-approved settlement receives the same res judicata effect as a ___ ________ litigated judgment." In re Medomak Canning, 922 F.2d 895, ______________________ 900 (1st Cir. 1990). We find all the elements of res judicata to have been ___ ________ met in this case. We consider the elements in reverse order for the sake of clarity. First, the gravamen of Chemlen's complaint both in the bankruptcy proceedings and in the instant suit is that the settlement of his suits against the bank deprived him of his -5- rightful property.2 In his motions to prevent and then to void the settlement, Chemlen had the opportunity to present his factual allegations of wrongdoing to the bankruptcy court. Thus, even though the current suit is in the guise of an action under RICO and other laws, it is in effect a collateral attack on the judgment affirming the validity of the trustee's settlement of the suits against the bank and, for purposes of res judicata, it is the same cause of action ___ ________ as that pursued in the bankruptcy court.3 See Hendrick v. ___ ________ Avent, 891 F.2d 583, 586-87 (5th Cir.), cert. denied 498 U.S. _____ ____ ______ 819 (1990) (appellant's RICO and securities claims which are "directly inconsistent with the crux" of bankruptcy court decision are "same cause of action" for purposes of res ___ judicata); In re Met-L-Wood Corp, 861 F.2d 1012, 1018 (7th ________ ______________________ Cir. 1988), cert. denied 490 U.S. 1006 (1989) (dismissing on ____ ______ res judicata grounds a RICO suit because "the suit is a ___ ________ thinly disguised collateral attack on the judgment" of the bankruptcy court). Second, even though the bank may not have been a party or a privy to a party in bankruptcy proceedings, it may still ____________________ 2. Chemlen's motion to dismiss the trustee was simply another attempt to block the settlement. 3. Allowing a collateral attack on a trustee's court approved settlement agreement would also undermine the efficient administration of bankruptcy estates which depend, in part, on the finality of such agreements. In re Medomak ______________ Canning, 922 F.2d at 901. _______ -6- estop Chemlen from relitigating his challenge to the settlements. See Blonder-Tongue Laboratories, Inc. v. ___ __________________________________ University of Illinois Foundation, 402 U.S. 313 (1971) ____________________________________ (defendant may invoke estoppel against plaintiff who lost on same issue to earlier defendant); Lynch v. Merrell-National _____ ________________ Laboratories, Div. of Richardson-Merrell, Inc., 830 F.2d _________________________________________________ 1190, 1192 (1st Cir. 1987) (same). Third, the order approving the settlement of the suits is a final order within the context of the bankruptcy proceedings. In bankruptcy proceedings, "an order which disposes of a 'discrete dispute within the larger case' [is] considered final and appealable." In re American Colonial ________________________ Broadcasting Corp., 758 F.2d 794, 801 (1st Cir. 1985) __________________ (quoting In re Saco Local Development Corp., 711 F.2d 441, ___________________________________ 444 (1st Cir. 1983)). For purposes of this rule: A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decrees. Id. (quoting City of Louisa v. Levi, 140 F.2d 512, 514 (6th __ _______________ ____ Cir. 1944)). The court order approving the settlement of the suits fits this definition. See In re Patel, 43 Bankr. 500, ___ ___________ 503 (N.D. Ill. 1984) ("bankruptcy court order approving a -7- settlement is final and appealable under [28 U.S.C.] 1334(a) because it determines the rights of the parties to the settlement"). Finally, Chemlen asserts that he falls within an exception to the usual rules of res judicata because his ___ ________ appeal was dismissed for lack of standing and thus was not an appeal on the merits of the bankruptcy court decision. See, ___ e.g., 18 Wright, Miller, & Cooper, Federal Practice and ___ _____________________ Procedure: Jurisdiction 4433, at 316 ("If ordinary ________________________ opportunities to appeal are thwarted by the circumstances of a particular case . . . preclusion may prove unwise."); McCarney v. Ford Motor, Co., 657 F.2d 230, 234 (8th Cir. ________ _______________ 1981) (dismissal based upon lack of standing is ordinarily not "on the merits" of the underlying substantive claims). The exception cited by Chemlen is not applicable in this case. Chemlen's appeal of the settlement orders to the district court was dismissed because the court found that Chemlen did not meet the standard for appellate standing in bankruptcy cases. In this circuit, only "persons aggrieved," i.e., only "those persons whose rights or interests are ___ 'directly and adversely affected pecuniarily'" by a contested order in bankruptcy may appeal that order. In re El San Juan _________________ Hotel, 809 F.2d 151, 154 (1st Cir. 1987) (quoting In re _____ ______ Fondiller, 707 F.2d 441, 442 (9th Cir. 1983)). The district _________ court found that the rights to the two lawsuits were the -8- property of the estate, not of Chemlen, and that Chemlen had failed to show that a successful appeal would produce assets for the estate in excess of its liabilities. In other words, the district court's decision on the issue of standing was predicated on a factual finding that Chemlen had not shown that he had any property interest in the settlement of the suits. See id. at 155 n.3 (whether appellant is "person ___ __ aggrieved" is finding of fact for district court). Since Chemlen's underlying claims were predicated on his property interest in the settlement, this factual finding, even though made in the context of determining Chemlen's standing, was a determination of the merits of those claims. Moreover, Chemlen made no attempt to appeal that finding to the Court of Appeals. Chemlen was thus not deprived of the opportunity to appeal the determination of the merits of the settlement decision and does not fall within an exception to the usual rules of res judicata. ___ ________ The dismissal of appellant's claim is affirmed. ________ -9-